**Harold W. CRISWELL, et al., Appellants**

v.

**GINSBERG & FOREMAN, Appellee.**

**No. 05–91–01078–CV.**

Court of Appeals of Texas,
Dallas.

Dec. 31, 1992.

Gary W. Sibley, Dallas, and Joe D. Gregory, Grapevine, for appellants.

Robert M. Greenberg, Legal Services P.C., Dallas, for appellee.

Before STEWART, BAKER and WIGGINS, JJ.

## OPINION

BAKER, Justice.

The trial court ordered appellant, Harold W. Criswell, to turn over a cause of action Criswell asserted against R.M. Ginsberg, individually, to Ginsberg & Foreman[1] in partial satisfaction of a judgment Ginsberg & Foreman held against Criswell. Criswell asserts the trial court abused its discretion because the court's application of section 31.002 of the Texas Civil Practice and Remedies Code[2] is unconstitutional as applied to him in this case. We agree. We set aside the trial court's turnover order. We render judgment that Ginsberg & Foreman take nothing.

1. R.M. Ginsberg is a partner in Ginsberg & Foreman.

2. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986 & Supp.1992). All future refer-

## FACTUAL AND PROCEDURAL BACKGROUND

Criswell sued European Crossroads Shopping Center, Ltd. and R.M. Ginsberg, individually and as general partner of European Crossroads Shopping Center, Ltd., in the 193rd District Court in Dallas. This cause of action is pending in that court with no final judgment entered.

In 1988, Ginsberg & Foreman, a partnership, received, as a distribution of assets of a limited partnership known as Crossroad Venture, a judgment for Crossroad Venture and against Criswell. The 160th District Court rendered this judgment in 1984. Criswell has not paid this judgment. The judgment continues to accrue interest. In July 1991, Ginsberg & Foreman moved the 160th District Court to enter a turnover order against Criswell. Ginsberg & Foreman sought to have Criswell turn over his cause of action against R.M. Ginsberg to apply on the judgment that Ginsberg & Foreman held against Criswell.

The trial court found the judgment met the requirements of section 31.002 of the Code. The trial court ordered Criswell to turn over his cause of action in the 193rd District Court to the Dallas County Sheriff for levy and satisfaction of the judgment held by Ginsberg & Foreman.

Criswell superseded the turnover order and perfected this appeal.

## THE ISSUE

In four points of error, Criswell contends the trial court abused its discretion in granting the turnover request. He argues the trial court's application of the turnover statute is unconstitutional as applied in this case because it violates the Texas open courts doctrine.

## THE APPLICABLE LAW

A. The Open Courts Doctrine

█ Article I, section 13 of the Texas Constitution provides:

ences to section 31.002 or the Code are to the Texas Civil Practice and Remedies Code.

All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

TEX. CONST. art. I, section 13. The open courts doctrine provides a litigant a specific guaranty of a right of access to the courts. *LeCroy v. Hanlon,* 713 S.W.2d 335, 341 (Tex.1986). The right provided is a substantial right. *LeCroy,* 713 S.W.2d at 341. The legislature cannot arbitrarily or unreasonably interfere with a litigant's right of access to the courts. *See Nelson v. Krusen,* 678 S.W.2d 918, 922 (Tex.1984). A law that practically takes away from either party to litigation the constitutional right to a fair and impartial trial in the courts denies a remedy by due course of law. *See Dillingham v. Putnam,* 109 Tex. 1, 14 S.W. 303, 304 (1890).

■ The legislature cannot abrogate the right to bring a well established common law cause of action without a showing that the legislative basis for the statute outweighs the denial of the constitutionally guaranteed right of redress. *Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex.1983). A litigant must show that he has a cognizable common law cause of action that the statute restricts. A litigant also must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Sax,* 648 S.W.2d at 666.

### B. The Turnover Statute

■ The purpose of the turnover statute is to aid a diligent judgment creditor to reach certain types of property of a judgment debtor. *See Commerce Sav. Ass'n v. Welch,* 783 S.W.2d 668, 671 (Tex.App.—San Antonio 1989, no writ). The judgment debtor must own the property. The property must be property a creditor cannot readily attach or levy on by ordinary legal process. The property must not be exempt from attachment, execution, or seizure for the satisfaction of liabilities. *See* sections 31.002(a)(1), (2) of the Code.

■ A cause of action is property. As such, a cause of action is subject to the turnover statute. *Commerce Sav. Ass'n,* 783 S.W.2d at 669.

### C. Standard of Review

■ We review the trial court's turnover order under an abuse of discretion standard. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *Buttles v. Navarro,* 766 S.W.2d 893, 894 (Tex. App.—San Antonio 1989, no writ). We may reverse the trial court for abusing its discretion only when we find the court acted in an unreasonable or arbitrary manner. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985). When we review the trial court's resolution of a factual matter committed to that court's discretion, we may not substitute our judgment for that of the trial court. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding). However, when the question involves the trial court's application of the law to the facts, we accord much less deference to the trial court's findings. *Walker,* 827 S.W.2d at 480. A trial court has no "discretion" in determining what the law is or applying the law to the facts. *Walker,* 827 S.W.2d at 840.

### APPLICATION OF THE LAW TO THE FACTS

■ When a judgment debtor's cause of action against his judgment creditor is turned over to the judgment creditor, the judgment creditor becomes the holder of a cause of action against himself. The judgment creditor becomes both plaintiff and defendant. Under such circumstances, any justiciable controversy is extinguished. Thus, the judgment debtor is forever deprived of his day in court on that cause of action without receiving any value in return for it.

Criswell has a cognizable common law cause of action against R.M. Ginsberg. R.M. Ginsberg, through Ginsberg & Foreman, is using the turnover statute to extinguish a cause of action against himself. The trial court's turnover order in this case restricts Criswell's common law cause of action against R.M. Ginsberg because Gins-

berg can extinguish it entirely without its ever being litigated. Because of the turnover order, Criswell cannot prosecute his claim against R.M. Ginsberg. We conclude Criswell has shown the restriction as unreasonable or arbitrary when balanced against the purpose of the statute. *Sax,* 648 S.W.2d at 666.

We hold that section 31.002 of the Texas Civil Practice and Remedies Code is unconstitutional as applied to Criswell under the facts of this case. We conclude the trial court abused its discretion because it improperly applied the law to the facts in this case. *Walker,* 827 S.W.2d at 840. We sustain Criswell's third and fourth points of error.

We vacate and set aside the trial court's order that Criswell turn over to the Dallas County Sheriff the cause of action alleged by Criswell in the cause numbered 84–12954–L in the 193rd Judicial District Court of Dallas County, Texas, and styled HAROLD W. CRISWELL v. EUROPEAN CROSSROADS SHOPPING CENTER, LTD., a Texas Limited Partnership, and R.M. GINSBERG, Individually and as a general partner of European Crossroads Shopping Center, Ltd. We render judgment that appellees, Ginsberg & Foreman, a Texas general partnership, take nothing from appellant, Harold W. Criswell, d/b/a Harold W. Criswell & Associates.