ASHWORTH V. JUDGMENT PROOF 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-557-CV





DOUGLAS ASHWORTH,



 APPELLANT


vs.





JUDGMENT PROOF COLLECTION SERVICES, INC.,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 475,343, HONORABLE HUME COFER, JUDGE PRESIDING



 




 Douglas Ashworth appeals from the district court's order requiring him to turn over
property to the sheriff for execution. The order further commanded the application of the
proceeds of the sheriff's sale towards satisfaction of a judgment against Ashworth in this cause
that appellee Judgment Proof Collection Services, Inc. ("Judgment Proof"), acquired by
assignment from the original plaintiff in this cause, USAA Real Estate Company ("USAA"). 
Ashworth brings a single point of error on appeal. We will affirm the district court's order.

 USAA sued Ashworth for breach of a commercial lease. After a bench trial, the
district court rendered judgment in favor of USAA and awarded it $33,207.22 in damages. 
USAA assigned Judgment Proof the judgment. Judgment Proof then brought an application for
turnover relief. The Texas "turnover" statute (1) is the procedural device by which a judgment
creditor may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary
legal process. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 224 (Tex. 1991).

 An abstract of the judgment in this cause against Ashworth was contained in
Judgment Proof's application. (2) The application also contained a sworn copy of an assignment of
this judgment from USAA to Judgment Proof. The application requested that the court order the
issuance of a writ of execution commanding the sheriff to seize and conduct a sale of one of
Ashworth's assets, a cause of action that Ashworth had asserted against various defendants in
district court in Travis County. The application requested turnover of the following property:



Any and all claims, rights to action, rights of enforcement, causes of action or
right to recover against the Defendants John Hannah, Jim Gibson, Herbert E.
Eilander, 3-G Operating Co. and Integrated Oil & Gas of Houston, Inc. in cause
No. 92-11323, Douglas Ashworth v. John Hannah, Jr., Secretary of State of the
State of Texas, Jim Gibson, Herbert E. Eilander, 3-G Operating Company, Inc.,
Integrated Oil & Gas of Houston, Inc., in the 345[th] Judicial District Court,
Travis County, Texas.



The application also requested that the court order any proceeds from the judicial sale be applied
towards Judgment Proof's judgment against Ashworth. Ashworth did not file any pleading in
response to Judgment Proof's application. The turnover statute does not require notice or an
opportunity to be heard. Ross v. 3D Tower Ltd., 824 S.W.2d 270, 272 (Tex. App.--Houston [14th
Dist.] 1992, writ denied). Nevertheless, a hearing was held and Ashworth's counsel appeared. 
At the hearing on the turnover application before the district court, Ashworth's counsel repeatedly
admitted that Ashworth had filed a cause of action in Travis County as described above. He
conceded that Ashworth claimed and owned a cause of action against the named defendants and
was seeking recovery from them on his claims. He represented that Ashworth would assign
Judgment Proof the asset or a lien thereon. Ashworth's sole argument at this hearing was that the
court should impose a lien upon the property instead of seizing it for judicial sale. (3) After hearing
argument, the court rendered an order granting Judgment Proof the relief it sought in its turnover
application.

 Ashworth asserts in his one point of error that no evidence supports the district
court's order because no evidence was admitted at the turnover hearing. An appellate court
properly reviews a turnover order under an abuse of discretion standard. Buller, 806 S.W.2d at
226; Criswell v. Ginsberg & Foreman, 843 S.W.2d 304, 306 (Tex. App.--Dallas 1992, no writ). 
A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner, without
reference to any guiding rules and principles. Buller, 806 S.W.2d at 226; Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 Ashworth does not attack the settled proposition that a cause of action is a property
right subject to the turnover statute. Criswell, 843 S.W.2d at 306; Associated Ready Mix, Inc.
v. Douglas, 843 S.W.2d 758, 762 (Tex. App.--Waco 1992, orig. proceeding); see also Renger
Memorial Hosp. v. State, 674 S.W.2d 828, 830 (Tex. App--Austin 1984, no writ). A court may
issue a turnover order for a judgment debtor's property if (1) the debtor owns the property; (2)
the property cannot readily be attached or levied upon by ordinary legal process; and (3) the
property is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. 
Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a), (a)(1), (a)(2) (West 1986); Criswell, 843 S.W.2d
at 306. The district court's order stated that these three requirements had been satisfied. 
Ashworth admitted at the hearing below that he claimed and owned the subject property and had
brought the alleged cause of action in a Travis County district court. Ashworth does not dispute
the legal proposition that a cause of action is not readily attachable by ordinary legal process and
is not exempt from attachment, execution, or seizure. Commerce Sav. Ass'n v. Welch, 783
S.W.2d 668, 669 (Tex. App.--San Antonio 1989, no writ). His brief contains no argument or
authority other than the assertion that no evidence supports the turnover order. We hold that the
trial court did not abuse its discretion when it rendered the turnover order. Accordingly, we
overrule Ashworth's point of error.

 Although Judgment Proof does not raise a cross-point on appeal, it suggests in its
argument that Ashworth's appeal in this cause is frivolous and that this Court should award
Judgment Proof additional damages as a sanction against Ashworth. We decline to do so. 
Although we find no merit in Ashworth's argument, we cannot hold that this appeal was taken for
delay and without sufficient cause. See Tex. R. App. P. 84; see also Standard Container Corp.
v. Dragon Realty, 683 S.W.2d 45, 48 (Tex. App.--Dallas 1984, writ ref'd n.r.e.).

 We affirm the turnover order of the district court.



 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: August 11, 1993

[Do Not Publish]

1. Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West 1986 & Supp. 1993).
2. The judgment itself is in the transcript before this Court on appeal.
3. Ashworth does not raise this argument on appeal.