CV5-112 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00112-CV







Marsha G. Kocurek, Chapter 7 Trustee for the Bankruptcy Estate

of Walter R. Carrington, Appellant


v.



Dwyer-Sanders Group Partners, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 92-00495, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM



 Marsha G. Kocurek (1) appeals from a turnover order. The underlying judgment against
Carrington arose from a loan guaranty. Dwyer-Sanders Group Partners obtained a judgment for
$410,548.00. When the judgment went unpaid, Dwyer-Sanders applied for a turnover order and a
charging order. Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West 1986). The court rendered an order
that Carrington turn over his interest in a Texas trust, the "Walter R. Carrington Living Trust" ("the Trust"),
and that his interest in a Texas limited partnership, "Carrington Family Partners, Ltd." ("the Partnership")
be charged for the benefit of Dwyer-Sanders.

 Appellant brings two points of error contending that the trial court erred in granting turnover
relief because: (1) the Trust does not exist; and (2) a turnover order was not the proper remedy against
a debtor-partner's limited partnership interest. We will affirm the trial-court judgment.



Turnover Order Against the Trust


 We review the rendition of a turnover order under an abuse of discretion standard. 
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Boudreaux Civic Ass'n v. Cox,
882 S.W.2d 543, 548 (Tex. App.--Houston [1st Dist.] 1994, no writ); Criswell v. Ginsberg &
Foreman, 843 S.W.2d 304, 306 (Tex.App.--Dallas 1992, no writ). In point of error one, appellant
argues that the trial court erred in granting turnover relief against the Trust because the Trust never existed
as an entity. Appellant relies on the principle that if a settlor attempts to create a trust in which the same
person is both the sole trustee and the sole beneficiary, the trust is never created. Tex. Prop. Code Ann.
§ 112.034(a) (West 1995).

 Appellant argues that Walter R. Carrington was the sole trustee and sole beneficiary of the
trust. However, Carrington testified that he was not the sole beneficiary. The trust documents admitted
in evidence refer to beneficiaries other than Carrington. There is enough evidence that supports the
existence of the Trust that it was not an abuse of discretion to render a turnover order against the Trust. 
Further, appellant's argument is that the failure of the Trust meant that Carrington owned the assets outright. 
Appellant has failed to demonstrate any harm even if the Trust did not exist in that ultimately it is
Carrington's non-exempt assets, in whatever form, that are being used to satisfy the underlying unpaid
judgment. Tex. R. App. P. 81(b)(1). We overrule point of error one.



Improper Use of Turnover Order


 In point of error two, appellant claims that the trial court erred in granting turnover relief
against the Partnership because a charging order is the exclusive remedy for a judgment creditor against
a debtor-partner's interest in a limited partnership. Texas Revised Limited Partnership Act, Tex. Rev. Civ.
Stat. Ann. art. 6132a-1, § 7.03(c) (West Supp. 1996).

 A review of the record shows that Dwyer-Sanders applied for turnover relief and a
charging order. Although the order is labeled "Order for Turnover Relief," two forms of relief are granted. 
The body of the order refers to an attached list of assets against which the order operates. The judgment
orders the trust assets to be turned over for levy to a constable. The order also states, "Plaintiff is entitled
to a charging order against Defendant's interest in each such [referring to the attached list] partnership or
entity." Later, the order states that Carrington's partnership interests as set out in the exhibit are subjected
to a charging order against his share of the profits and any other money due or to become due to him by
reason of the partnership interest.

 Appellant provides no authority for the proposition that the two forms of relief cannot be
combined in one order. Appellant has not demonstrated how the court's error, if any, "amounted to such
a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause
rendition of an improper judgment . . . ." Tex. R. App. P. 81(b)(1). We overrule the second point of error.

 We affirm the trial-court judgment.



Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: September 11, 1996

Do Not Publish
1.   Walter R. Carrington perfected appeal and subsequently filed bankruptcy. The
automatic stay was modified to allow this litigation to continue. 11 U.S.C. § 362 (1988). 
Marsha Kocurek, as trustee, was substituted for Carrington as the appellant.



, "Carrington Family Partners, Ltd." ("the Partnership")
be charged for the benefit of Dwyer-Sanders.

 Appellant brings two points of error contending that the trial court erred in granting turnover
relief because: (1) the Trust does not exist; and (2) a turnover order was not the proper remedy against
a debtor-partner's limited partnership interest. We will affirm the trial-court judgment.



Turnover Order Against the Trust


 We review the rendition of a turnover order under an abuse of discretion standard. 
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Boudreaux Civic Ass'n v. Cox,
882 S.W.2d 543, 548 (Tex. App.--Houston [1st Dist.] 1994, no writ); Criswell v. Ginsberg &
Foreman, 843 S.W.2d 304, 306 (Tex.App.--Dallas 1992, no writ). In point of error one, appellant
argues that the trial court erred in granting turnover relief against the Trust because the Trust never existed
as an entity. Appellant relies on the principle that if a settlor attempts to create a trust in which the same
person is both the sole trustee and the sole beneficiary, the trust is never created. Tex. Prop. Code Ann.
§ 112.034(a) (West 1995).

 Appellant argues that Walter R. Carrington was the sole trustee and sole beneficiary of the
trust. However, Carrington testified that he was not the sole beneficiary. The trust documents admitted
in evidence refer to beneficiaries other than Carrington. There is enough evidence that supports the
existence of the Trust that it was not an abuse of discretion to render a turnover order against the Trust. 
Further, appellant's argument is that the failure of the Trust meant that Carrington owned the assets outright. 
Appellant has failed to demonstrate any harm even if the Trust did not exist in that ultimately it is
Carrington's non-exempt assets, in whatever form, that are being used to satisfy the underlying unpaid
judgment. Tex. R. App. P. 81(b)(1). We overrule point of error one.



Improper Use of Turnover Order