Opinion issued March 11, 2010













     



In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00238-CV




EASTERN BLOC ENTERTAINMENT, LTD., ALTAR BOYS
MANAGEMENT COMPANY, L.L.C., ROBERT W. THOMAS, AND JOHN
S. “SKIP” WOODS, Appellants

v.

ABCO PROPERTIES, INC., TRUSTEE, Appellee




On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2002-55244




MEMORANDUM OPINION

          Appellants, Eastern Bloc Entertainment, Ltd., Altar Boys Management
Company, L.L.C., Robert W. Thomas, and John S. “Skip” Woods (collectively,
“Eastern”), appeal from a turnover order granted in favor of appellee, Abco
Properties, Inc., Trustee. 
          In three issues, Eastern contends that the trial court abused its discretion
because (1) there was no evidence to support the order, (2) the judgment has been
satisfied, and (3) the order violates public policy.
          We affirm.
Background
          According to Eastern, Abco managed a building, located at 402 Main Street in
downtown Houston. The building was owned by 402 Main Street, Ltd., of which
John Able and David Monroe were principals.


 Eastern asserts that Abco was acting
as trustee for Able and Monroe. In 1998, Eastern leased space in the building from
Abco for use as a nightclub, which required extensive renovations to the property. 
After various issues and construction delays, Eastern considered scaling back the
project. 
          Abco disputes that it managed the building and that it was acting as trustee for
Able or Monroe. It is undisputed, however, that Abco transferred (as investments,
loans, or both) certain sums to Eastern. The parties executed a series of agreements,
and Eastern pledged certain security interests to Abco. Ultimately, Eastern defaulted
on the agreements. Abco sued to recover sums owed and to foreclose on its security
interests. 
          In the trial court, summary judgment was granted in favor of Abco. Eastern
appealed, and the trial court’s judgment was affirmed as modified. See George Biggs,
Eastern Bloc Entertainment, Ltd., Altar Boys Management Company, L.L.C., Robert
W. Thomas, and John S. Woods v. Abco Properties, Inc., No. 13-03-00398-CV, 2006
WL 414919 (Tex. App.—Corpus Christi Feb. 23, 2006, pet. denied). The court held
as follows: 
We modify the trial court’s judgment to reflect that Eastern Bloc
Entertainment, Ltd., Altar Boys Management Company, L.L.C., Robert
W. Thomas, and John S. Woods and George Biggs


 are jointly and
severally liable to [ABCO] in the amount of $167,605.12, plus interest
. . . . We further modify the judgment to reflect that Eastern Bloc
Entertainment, Ltd., Altar Boys Management Company, L.L.C., Robert
W. Thomas, and John S. Woods are jointly and severally liable to
[ABCO] in the amount of $373,816.24, plus interest . . . . As modified,
the trial court’s judgment is affirmed.
 
          Concomitantly, in an independent action, Eastern sued Able and 402 Main
Street, Ltd., in a lease dispute, currently pending as Eastern Bloc Entertainment, Ltd.
v. John W. Able and 402 Main Street, Ltd., Cause No. 2002-58319, 234th District
Court, Harris County, Texas (referred to herein as “the lease dispute”).
          On July 9, 2007, Abco filed an application for a turnover order, seeking
Eastern’s interest in the lease dispute. Abco also filed a writ of execution and
constable’s return. The trial court conducted a hearing in the matter on August 10,
2007. The proceedings were not recorded. Eastern asserts that, at the hearing, the
trial court said that the type of relief Abco requested was not available, and Abco
asked that it be granted time to provide authority to support its request. According to
Eastern, no evidence was taken. 
          On December 31, 2007, the trial court entered a turnover order granting to
Abco
[a]ll choses in action, claims, defenses, rights and causes of action
asserted and which could be asserted by Eastern Bloc Entertainment,
Ltd., in Cause No. 2002-58319, styled Eastern Bloc Entertainment, Ltd.
v. John W. Able and Main Street, Ltd., pending in the 234th District
Court, Harris County, Texas.
 
          Eastern’s motion for new trial was overruled by operation of law.
Standard of Review
          We review the granting or denial of a turnover order for an abuse of discretion.
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Tanner v.
McCarthy, 274 S.W.3d 311, 320 (Tex. App.—Houston [1st Dist.] 2008, no pet.). A
trial court abuses its discretion if it acts in an unreasonable or arbitrary manner. See
Buller, 806 S.W.2d at 226. A trial court’s issuance of a turnover order, even if
predicated on an erroneous conclusion of law, will not be reversed for an abuse of
discretion if the judgment is sustainable for any reason. Id. A trial court does not
abuse its discretion if there is some evidence of a substantive and probative character
to support the decision. Tanner, 274 S.W.3d at 321–22. 
The Turnover Statute
          Texas Civil Practice and Remedies Code section 31.002 governs a trial court’s
entry of a turnover order. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon
2008) (the “turnover statute”). Pursuant to section 31.002(a), a judgment creditor is
entitled to receive aid from a court to reach property to obtain satisfaction on a
judgment “if the judgment debtor owns property, including present or future rights
to property that . . . cannot readily be attached or levied on by ordinary legal process
and . . . is not exempt from attachment, execution, or seizure for the satisfaction of
liabilities.” Id. § 31.002(a). The turnover statute applies to property within the
judgment debtor’s possession or subject to his control. Id. § 31.002(b)(1). The court
may order the judgment debtor to turn over non-exempt property to a designated
sheriff or constable for execution, may otherwise apply the property to the satisfaction
of the judgment, or may appoint a receiver with the authority to take possession of the
non-exempt property, to sell it, and to pay the proceeds to the judgment creditor to
satisfy the judgment. Id. § 31.002(b). 
Public Policy 
          In its third issue, Eastern contends that the trial court’s turnover order violates
public policy because it extinguishes Eastern’s suit against Able and 402 Main Street,
Ltd. 
          Generally, a cause of action is property to which the turnover statute applies. 
Main Place Custom Homes, Inc. v. Honaker, 192 S.W.3d 604, 627 (Tex. App.—Fort
Worth 2006, pet. denied). Courts have held, however, that the turnover statute does
not apply if the order contravenes public policy. See Criswell v. Ginsberg &
Foreman, 843 S.W.2d 304, 306–07 (Tex. App.—Dallas 1992, no pet.); Assoc. Ready
Mix, Inc. v. Douglas, 843 S.W.2d 758, 762 (Tex. App.—Waco 1992, orig.
proceeding). Specifically, a creditor may not use the statute to obtain turnover of a
cause of action against itself. Criswell, 843 S.W.2d at 306–07; Douglas, 843 S.W.2d
at 762. 
          When the judgment debtor’s cause of action against his judgment creditor is
turned over to the judgment creditor, the creditor becomes the holder of a cause of
action against itself. Criswell, 843 S.W.2d at 306. The controversy is extinguished
and the judgment debtor is deprived of his day in court.


 Id. Further, without a fixed
value, the suit might be worthless or might be worth considerably in excess of the
judgment and, if the turnover order stands, the value might never be determined. 
Douglas, 843 S.W.2d at 762. In sum, a turnover order should not preclude a
determination of the merits and value of a party’s claim. Id. (concluding that such
application does not accomplish purpose of section 31.002); see Criswell, 843 S.W.2d
at 307 (concluding that such application of section 31.002 is unconstitutional).
          Here, Eastern bears the burden to show that it has a cognizable common law
cause of action that the application of section 31.002 is restricting. See Criswell, 843
S.W.2d at 306. Eastern contends that Abco is a creditor seeking turnover of a suit
against itself. Eastern contends that Abco is trustee for Able and 402 Main Street,
Ltd. and, therefore, the trial court’s order that Eastern’s suit against Able and 402
Main Street, Ltd. be turned over to Abco effectively extinguishes Eastern’s suit. 
Abco disputes that it is trustee for Able or Main Street, Ltd.
          As its evidence, Eastern directs us to the appendix of its brief, wherein it has
attached an excerpt from Abco’s brief to the Thirteenth Court of Appeals. We cannot,
however, consider documents filed as appendices to briefs that do not appear in the
official clerk’s record. See Tanner, 274 S.W.3d at 323 n.22–23. Eastern does not
point to anything else as evidence to support its contention. Hence, Eastern has not
established that, by the trial court’s turnover order, Abco has obtained a suit against
itself or that the order restricts Eastern’s common law cause of action. 
          Accordingly, we overrule Eastern’s third issue.
No Evidence
          In its first issue, Eastern contends that there is no evidence to support the
turnover order.
          Section 31.002 does not require notice or a hearing. Tanner, 274 S.W.3d at
321; Honaker, 192 S.W.3d at 628. However, section 31.002 authorizes a turnover
order only upon proof of the necessary facts. Tanner, 274 S.W.3d at 322; Honaker, 
192 S.W.3d at 628. The judgment creditor must prove that (1) the judgment debtor
owns the property, (2) the judgment creditor cannot readily attach or levy on the
property by ordinary legal process, and (3) that the property is not exempt from
attachment, execution, or seizure for the satisfaction of liabilities. See Tex. Civ.
Prac. & Rem. Code Ann. § 31.002(a)(1),(2); Tanner, 274 S.W.3d at 322; Criswell,
843 S.W.2d at 306. Section 31.002(a) does not “specify, or restrict, the manner in
which evidence may be received in order for a trial court to determine whether the
conditions of section 31.002(a) exist, nor does it require that such evidence be in any
particular form, that it be at any particular level of specificity, or that it reach any
particular quantum before the court may grant aid under section 31.002.” Tanner,
274 S.W.3d at 322. Under an abuse of discretion standard, a legal sufficiency
challenge does not constitute an independent ground of error. Jones v. Am. Airlines,
Inc., 131 S.W.3d 261, 266 (Tex. App.—Fort Worth 2004, no pet.). Rather, whether
the evidence supports the turnover order is a relevant consideration in determining
whether the trial court abused its discretion by granting the order. Buller, 806 S.W.2d
at 226.
          Here, Abco’s application for turnover states, in relevant part:
          1.       Plaintiff Abco is a judgment creditor of [Eastern]. [Abco] has a
valid subsisting judgment against [Eastern] in the above styled
and numbered cause totaling $541,421.36 [and delineating
specific liability of certain defendants], plus prejudgment interest,
attorney’s fees, post judgment interest and costs. To date, the
unpaid amount of the judgment due from [Eastern] exceeds
$844,000.00.
          2.       Since the date of judgment, there have been no payments received
thereupon. Writ of execution has been returned nulla bona.
          3.       Judgment Debtor [Eastern] owns certain nonexempt rights and
choses in action, which cannot be readily attached or levied on by
ordinary legal process, specifically:
[a]ll choses in action, claims, defenses, rights and causes of
action asserted and which could be asserted by Eastern
Bloc Entertainment, Ltd., in Cause No. 2002-58319, styled
Eastern Bloc Entertainment, Ltd. v. John W. Able and Main
Street, Ltd., pending in the 234th District Court, Harris
County, Texas.
          4.       Pursuant to Civ. Prac. & Rem. Code Chapter 21.002(a)(1) and
(2) and (b)(1) and (2), all remedies available at law or in equity to
[Abco] are inadequate and this Court has authority to order
[Eastern] to turn over the non-exempt property above.

 
          The writ of execution and constable’s return support Abco’s application. The
writ states, in relevant part, that, on March 17, 2003, Abco recovered a judgment
against Eastern in the 152nd District Court and that, on appeal, the judgment was
affirmed, as modified to reflect that 

Eastern Bloc Entertainment, Ltd., Altar Boys Management Company,
L.L.C., Robert W. Thomas, and John S. Woods and George Biggs


 are
jointly and severally liable to [ABCO] in the amount of $167,605.12,
plus interest . . . . [and] that Eastern Bloc Entertainment, Ltd., Altar
Boys Management Company, L.L.C., Robert W. Thomas, and John S.
Woods are jointly and severally liable to [ABCO] in the amount of
$373,816.24, plus interest . . . .”

 
See Abco Properties, Inc., 2006 WL 414919, at *4.

          The constable’s return states that the constable attempted, unsuccessfully, to
execute the writ by mail and in person, and that the constable spoke with Eastern’s
attorney, David Cragle, who stated that Eastern “is no longer in business and has no
assets.”

          The trial court’s turnover order states that

 . . . based upon the Court’s review of its file in this cause, the testimony
and exhibits admitted, [the court] is of the opinion that [Abco] holds and
is entitled to collect upon a true, final, valid and subsisting judgment 
against [Eastern] previously entered in this case. 
The Court finds that [Eastern] owns or controls, including present or
future rights, the property made the subject of this order, which property
cannot readily attached or levied on by ordinary legal process, that said
property is not exempt from attachment, execution and or seizure for
satisfaction of the Judgment, and that Applicant is entitled to aid from
this Court to obtain satisfaction of the Judgment.

 
(Emphasis added.) 

          A trial court may take judicial notice of its own files. See Tex. R. Evid. 201. 
Applying section 31.002, that Eastern “owns” its cause of action (the lease dispute
it filed), that its cause of action cannot be readily attached or levied on by ordinary
legal process, and that its cause of action is not exempt from attachment, execution,
or seizure for the satisfaction of liabilities are facts readily susceptible to judicial
notice. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a); Tex. R. Evid. 201
(providing that, at any stage of proceedings, court may, sua sponte, take notice of any
fact “that is either (1) generally known within the territorial jurisdiction of the trial
court or (2) capable of accurate and ready determination by resort to sources whose
accuracy cannot reasonably be questioned.”).

          We hold that the evidence supports the turnover order and that the trial court
did not abuse its discretion. See Buller, 806 S.W.2d at 226 (stating that whether
evidence supports turnover order is relevant consideration in determining whether
trial court abused its discretion); Tanner, 274 S.W.3d at 322 (recognizing that section
31.002(a) does not “specify, or restrict, the manner in which evidence may be
received in order for a trial court to determine whether the conditions of section
31.002(a) exist, nor does it require that such evidence be in any particular form, that
it be at any particular level of specificity, or that it reach any particular quantum
before the court may grant aid under section 31.002.”). 

          Accordingly, we overrule Eastern’s first issue.

Satisfaction

          In its second issue, Eastern contends that the judgment has been satisfied.
Eastern does not, however, direct us to any place in the record in which it presented
this contention in the trial court. Hence, nothing is presented for our review. See
Tex. R. App. P. 33.1. 

          Accordingly, we overrule Eastern’s second issue. 

 
 
 
 
 
 
 
Conclusion




          We affirm the judgment of the trial court.









                                                             Laura Carter Higley

                                                             Justice



Panel consists of Chief Justice Radack and Justices Alcala and Higley.