

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00081-CV

**TRAXCELL TECHNOLOGIES, LLC,**

                                          **Appellant**

**v.**

**VERIZON WIRELESS PERSONAL COMMUNICATIONS, LP,**

                                          **Appellee**

---

**From the 170th District Court
McLennan County, Texas
Trial Court No. 2023-368-4**

---

## MEMORANDUM OPINION

---

Traxcell Technologies, LLC appeals from a turnover order rendered by the trial court in proceedings initiated by Verizon Wireless Personal Communications, LP to domesticate and enforce a foreign judgment.[1] In four issues, Traxcell contends the order violates the Open Courts Doctrine and the purpose of the receivership, it should be

---

[1] We deny Traxcell's "Opposed Motion to Void Underlying Foreign Judgment as Void or Remand to Trial Court for Determination." *See* FED. R. CIV. P. 54(d)(2); *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032-33 (Fed. Cir. 2006).

modified to order the receiver to join Traxcell's causes of action, and the amount of the supersedeas bond should be zero. We affirm the trial court's order.

## Background

Traxcell sued Verizon for patent infringement in the United States District Court for the Eastern District of Texas. The court granted summary judgment of non-infringement and dismissed Traxcell's claims with prejudice. *See Traxcell Techs., LLC v. AT&T Corp.*, No. 2:17-cv-00718, 2019 U.S. Dist. LEXIS 198930 (E.D. Tex. Oct. 7, 2019), *aff'd*, *Traxcell Techs., LLC v. Sprint Commc'ns. Co. LP*, 15 F.4th 1121 (Fed. Cir. 2021). Later, in a separate proceeding, the federal district court ordered Traxcell to pay Verizon's attorneys' fees in the amount of $489,710.00. *See Traxcell Techs., LLC v. AT&T Corp.*, No. 2:17-cv-00718-RWS-RSP, 2022 U.S. Dist. LEXIS 237105 (E.D. Tex. Dec. 22, 2022), *aff'd*, 2023 U.S. App. LEXIS 17754 (Fed. Cir. July 13, 2023) (per curiam), *cert. denied*, 2024 U.S. LEXIS 250 (U.S. Jan. 8, 2024).

In February 2023, Verizon filed a petition in the 170th District Court in McLennan County to enforce the federal court judgment for attorneys fees. It moved for a post-judgment turnover order and for appointment of a receiver with the authority to take possession of Traxcell's property, including its patents.

Traxcell moved to stay enforcement of the foreign judgment, asserting that no supersedeas bond is required. After a hearing, the district court signed an order, dated March 7, 2023, appointing a receiver and requiring Traxcell to turn over all assets

including all patents issued by the United States Patent and Trademark Office that are assigned to Traxcell so they may be sold by the receiver to satisfy the judgment. Traxcell filed a notice of appeal and an emergency motion for stay of the trial court judgment in this Court. We granted, in part, Traxcell's emergency motion for stay of the trial court's turnover order and order appointing receiver on March 17, 2023. We lifted the stay on March 31, 2023.

On April 4, 2023, Traxcell filed a "motion for a new trial, set bond, or, in the alternative, to modify judgment" in the district court. On April 6, 2023, the trial court signed an appeal bond in the amount of $0.00. Verizon filed a motion for reconsideration of the order approving the appeal bond. On April 20, 2023, the trial court vacated the April 6 order and ordered Traxcell to post bond in the amount of $100,000 to suspend enforcement of the turnover order and order appointing a receiver.

On September 19, 2023, Traxcell filed a petition in bankruptcy resulting in suspension of this appeal. *See* 11 U.S.C. § 362; TEX. R. APP. P. 8.2. The bankruptcy proceeding was dismissed in January 2024. *See In re Traxcell Techs., LLC*, 657 B. R. 453 (Bankr. W.D. Tex. 2024). Thereafter, this Court reinstated this appeal.

On February 13, 2024, after the bankruptcy stay was lifted, Traxcell purported to transfer patent rights to a related entity, Traxcell Technologies, II. Verizon characterized this act as a sham purchase circumventing the receivership and, on March 12, 2024, filed a petition for writ of injunction and an emergency motion for temporary injunctive relief

in this Court.  This Court granted the motion for temporary injunctive relief in part and temporarily enjoined Traxcell from:

(1) selling, leasing, encumbering, or transferring any ownership interest in any patent or patents covered by the receivership order on appeal in Cause Number 10-23-00081-CV to Traxcell Technologies II, LLC or to any third party other than the designated receiver and

(2) taking any action the effect of which would be to impede the receiver's access to or control over the patents included in the receivership order currently on appeal in Cause Number 10-23-00081-CV.

*In re Verizon Wireless Pers. Commc'ns., LP*, 10-24-00074-CV (Tex. App.—Waco March 20, 2024, order).

## Turnover Order

Although not identified as a separate issue, Traxcell includes a section of its brief labelled: "II.  This Court Should Reverse the Turnover Order Because Appellee Cannot Use It to Extinguish a Cause of Action Against Itself."  Traxcell argues that the turnover order effectively extinguishes Traxcell's property including causes of action against Verizon, a judgment creditor.

In its first issue, Traxcell contends the turnover order violates the open courts doctrine under the Texas Constitution.  Explaining that "Traxcell is in the business of monetizing its patents, including through litigation," it asserts that the effect of the turnover order is to extinguish its patent infringement lawsuits, thus interfering with its use of assets in the normal course of business.  Thus, Traxcell accuses Verizon of attempting to extinguish Traxcell's causes of action.  In its reply brief, Traxcell argues that

"the question for an Open Court's violation is whether the cause of action derives from the Common Law."

In its third issue, Traxcell contends the turnover order is voidable because it violates the purpose of the receivership. Traxcell asserts that the "purpose of the receivership is to realize maximum value of Traxcell's assets both for the benefit of Traxcell and its judgment creditor(s)." Further, it argues, the maximum value of its causes of action may be realized only if it is allowed to pursue its causes of action.

In its second issue, Traxcell asserts that, as an alternative to abrogating the turnover order, this Court should modify it to allow Traxcell to continue its normal business operations, including maintaining its causes of action. Specifically, Traxcell urges us to modify the order "to require the receiver join Traxcell as a plaintiff, to maintain Traxcell's assets, its causes of action" so they will not be extinguished. Traxcell also asserts the order should include only the four patents at issue in the case that resulted in the foreign judgment, not all of its patents.

STANDARD OF REVIEW AND APPLICABLE LAW

The purpose of the turnover statute is to aid a judgment creditor to reach property of the judgment debtor to obtain satisfaction on the judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a). Appointment of a receiver is a method to aid in collection of a judgment. *Id*. § 31.002(b)(3). The court may appoint a receiver with the authority to take possession of the property, sell it, and pay the proceeds to the judgment creditor to the

extent required to satisfy the judgment. *Id.* § 31.002(b). "The turnover statute is purely procedural; its purpose is to ascertain whether an asset is either in the judgment debtor's possession or subject to its control." *Black v. Shor*, 443 S.W.3d 170, 174-75 (Tex. App.—Corpus Christi 2013, no pet.).

We review turnover orders under an abuse of discretion standard. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). A trial court abuses its discretion when it acts without reference to any guiding rules or principles, that is, if its act is arbitrary or unreasonable. *Vaccaro v. Raymond James & Assocs.*, 655 S.W.3d 485, 488 (Tex. App.—Fort Worth 2022, no pet.).

The open courts clause of the Texas Constitution provides in pertinent part that "[a]ll courts shall be open, and every person for an injury done him . . . shall have remedy by due course of law." TEX. CONST. art. I, § 13. This provision applies only to statutory restrictions of a cognizable common law cause of action. *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 499 (Tex. 1995). For this provision to apply the litigant must (1) have a cognizable common law cause of action that is being restricted; and (2) show that the restriction is unreasonable or arbitrary when balanced against the statute's purpose. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 902-03 (Tex. 2000).0

Discussion

Traxcell owns a number of patents.[2] Traxcell's arguments are rooted in its asserted business of monetizing those patents.[3] Traxcell equates its assets, the patents, with its planned litigation for patent infringement and asserts that maximum value of its causes of action can be realized only if it is allowed to pursue those causes of action. Thus, its only use for patents is to engage in patent infringement litigation.[4] Therefore, if the turnover order requires Traxcell to turn over patents, it is actually requiring Traxcell to turn over causes of action. Traxcell contends the turnover order denies its constitutional right to try its causes of action, and Verizon should not be allowed to use the turnover statute to extinguish potential causes of action against Verizon. It further argues that it must be allowed to sue for patent infringement. We disagree.

The United States Constitution gives Congress the power to deal with patents. *See* U.S. CONST. art. I, § 8. Patent rights granted by the government did not exist at common law. *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 584 U.S. 325, 335 (2018). In 1790, Congress passed the first Patent Act. *See* PATENTS FOR USEFUL INVENTIONS, 1 Stat. 109-112 (1790) (codified as amended at 35 U.S.C. §§ 1-390). In contexts unrelated to the

---

[2] *See In re Traxcell Techs., LLC*, 657 B.R. at 456-57 (describing Traxcell's business model).

[3] A "nonpracticing entity" has been defined as "[a] person or company that acquires patents with no intent to use, further develop, produce, or market the patented invention." *Nonpracticing Entity*, Black's Law Dictionary (12th ed. 2024).

[4] "When a nonpracticing entity focuses on aggressively or opportunistically enforcing the patent against alleged infringers, it is also termed (pejoratively) a *patent troll*." *Id*.

open courts doctrine, Courts have characterized patent infringement litigation as a property trespass action originating in tort. *See Wordtech Sys. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010); *Actavis Labs., FL, Inc. v. United States*, 161 Fed. Cl. 334, 362 (2022). However, this characterization does not support Traxcell's assertion that, since trespass is a common law cause of action amenable to the open court's doctrine, so is patent infringement. The patentee's rights are "derived altogether" from statutes, "are to be regulated and measured by these laws, and cannot go beyond them." *Brown v. Duchesne*, 60 U.S. 183, 195 (1857). Therefore, Traxcell's patent infringement lawsuits are statutory inventions, not common law causes of action. *See* 35 U.S.C. § 281. It follows that the open courts doctrine, which applies only to statutory restrictions of a cognizable common law cause of action, is inapplicable here. *See Auld*, 34 S.W.3d at 902-03; *Peeler*, 909 S.W.2d at 499.

We are also unpersuaded by Traxcell's extinguishment argument. Where the turnover order requires a cause of action to be turned over to the judgment creditor, who would be the defendant in the cause of action, the judgment creditor becomes both plaintiff and defendant and any justiciable controversy is extinguished. *Criswell v. Ginsberg & Forman*, 843 S.W.2d 304, 306 (Tex. App.—Dallas 1992, no pet.). The judgment debtor in that situation is deprived of his day in court and Section 31.002 is unconstitutional as applied there. *Id*. at 306-07. That is not the same situation we face in this case. Here, the turnover order required Traxcell's assets, not causes of action, to be

turned over to a receiver, who is neither plaintiff nor defendant in any cause of action. The order does not result in the extinguishment of any justiciable controversy.

Traxcell also asserts the turnover order is against the purpose of the receivership, which it claims is to realize maximum value of Traxcell's assets. It further argues that can only be achieved by pursuing its causes of action. Contrary to Traxcell's argument, the purpose of the turnover statute is to aid a judgment creditor to reach property of the judgment debtor to obtain satisfaction of the judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a). The turnover order requires Traxcell to turnover its patents, not causes of action. Presumably, under normal circumstances, Traxcell has the option of selling the patents or creating a business to use the patents. It's choice to attempt to make money by suing other businesses for patent infringement cannot be used to avoid its obligation to Verizon.

The order gives the receiver full power and authority to take possession of all property of Traxcell that is in its possession or control. Further, the receiver was authorized to sell Traxcell's patents. *See id*. § 31.002(b)(3). Traxcell's belief that it can obtain maximum value through patent litigation is consistent with its business model but does not obligate the receiver to litigate. To the extent Traxcell may have the right to choose how to use its patents, that is irrelevant here. The turnover statute, a procedural vehicle, does not allow for the determination of the substantive rights of involved parties. *See Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 783 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding).

The turnover order did not extinguish Traxcell's causes of action, violate the open court's doctrine, or violate the purpose of the receivership. Accordingly, there is no need to modify the turnover order. Traxcell has not shown that the trial court abused its

discretion by ordering it to turn over its assets. *See Vaccaro*, 655 S.W.3d at 488. We overrule Traxcell's first, second, and third issues.

## Conclusion

Traxcell has not shown the trial court abused its discretion by rendering the order requiring turnover and appointing a receiver. We need not address Traxcell's fourth issue, requesting reduction of the bond amount, due to our disposition of Traxcell's motion to modify bond. *See* TEX. R. APP. P. 24.4, 47.1. The injunctive relief ordered by this Court in Cause Number 10-24-00074-CV on October XX, 2024 shall terminate fifteen days after the date this opinion is issued.

We affirm the trial court's order requiring turnover and appointing receiver.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
(Chief Justice Gray concurs)
Affirmed
Opinion delivered and filed November 14, 2024
[CV06]

