**Affirmed in Part and Appeal Dismissed and Order Vacated in Part and Memorandum Opinion filed August 26, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00982-CV

---

## ELGIN WELLS AND DAVID C. EMMERS, INDIVIDUALLY AND AS REPRESENTATIVES OF THE CHARLES A. GEORGE DENTAL SOCIETY, Appellants

### V.

### ZEB F. POINDEXTER, III, Appellee

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2005-70117**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order denying an application by the appellants for appointment of a post-judgment receiver to take possession of the appellee's nonexempt property, sell it, and pay the proceeds to the appellants to the extent required to satisfy a state court judgment. To the degree the appellants purport to have represented an unincorporated society that was not a party to the judgment,

we conclude that they lacked standing to seek this relief. To the extent the appellants sought this relief in their individual capacities, each has standing, but the trial court did not abuse its discretion in denying the receivership application. Accordingly, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Appellee Zeb F. Poindexter, III filed suit in 2005 against appellants Elgin Wells and David C. Emmers in their individual capacities, as well as several other individuals. The record in this appeal does not contain any pleadings from this lawsuit, but the record does contain findings of fact and conclusions of law filed by the trial court regarding its 2008 judgment following a bench trial. In these findings of fact and conclusions of law, the trial court finds as follows:

- From 1984 to approximately 1992, Poindexter was a member of the Charles A. George Dental Society, Inc., a non-profit corporation (hereinafter the "Corporation").

- In 1997, Poindexter filed a third-party indemnity claim against the Corporation in a lawsuit that Barbara Scott had filed against Poindexter in 1990.

- Scott prevailed against Poindexter, and Poindexter recovered against the Corporation on his indemnity claim in a 2002 judgment (hereinafter the "2002 Judgment").

- In 1993, the Secretary of the State of Texas issued a certificate of involuntary dissolution and an order of involuntary dissolution of the Corporation's charter for failure to pay franchise taxes.

- In 2004, the Corporation filed a petition for bankruptcy protection and later learned of the 1993 dissolution of the Corporation's charter.

- In 2005, Poindexter filed suit in the trial court below against various individuals alleging that (1) the defendants were jointly and severally liable as members of the Corporation's board of directors for their allegedly wrongful conduct in failing to properly manage the Corporation and in operating the Corporation after the revocation of its charter; and (2) the defendants allegedly were liable under a theory of alter ego to pay the 2002

2

Judgment rendered against the Corporation.

In February 2008, following a bench trial, the trial court rendered judgment that Poindexter take nothing on his claims against the defendants in the 2005 lawsuit (hereinafter, the "2008 Judgment"). In the 2008 Judgment, the trial court did not grant a money judgment or any affirmative relief in favor of any of the defendants. Nor did the trial court declare that the 2002 Judgment was void. In its findings of fact and conclusions of law, the trial court gave various reasons for its take-nothing judgment. One of the reasons was that Poindexter had failed to prove by a preponderance of evidence when, or if, each of the defendants were members of the Corporation's board of directors. An alternative reason given by the trial court in the findings and conclusions was that the 2002 Judgment was void.

Long after the trial court signed the 2008 Judgment and its plenary power expired, Wells and Emmers, individually and as representatives of the Charles A. George Dental Society, an alleged unincorporated entity (hereinafter collectively "Applicants"), filed an application in the trial court under the cause number for the 2005 lawsuit. Applicants alleged that that they are representatives of the Charles A. George Dental Society, an unincorporated entity (hereinafter, the "Unincorporated Society"). According to Applicants, in its 2008 Judgment, the trial court held that the 2002 Judgment was void, and, despite not having appealed that judgment, Poindexter failed to return the funds he collected under the 2002 Judgment. Applicants asserted that they are judgment creditors of Poindexter and they sought appointment by the trial court of a receiver under Texas Civil Practice and Remedies Code section 31.002(b)(3). Applicants wanted the receiver to seek return of the funds they allege Poindexter wrongfully collected under the 2002 Judgment. The trial court denied the application for appointment of a receiver.

## II. ISSUES AND ANALYSIS

In their sole issue on appeal, Applicants assert that the trial court erred in denying their application for the appointment of a receiver.

### A. Do applicants have standing to apply for appointment of a receiver?

Before reaching the merits, we first must address Poindexter's assertion that Applicants lacked standing to apply for the appointment of a receiver. The issue of standing focuses on whether a party has a sufficient relationship with a lawsuit so as to have a "justiciable interest" in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). The standing doctrine requires that there be a real controversy between the parties that actually will be determined by the judicial declaration sought. *Id.* at 849.

Applicants, in their individual capacities, were parties to the 2008 Judgment. Without addressing the merits of their request for appointment of receivership, we conclude that in their individual capacities, Applicants had standing to seek appointment of a receiver under Texas Civil Practice and Remedies Code section 31.002(b)(3) regarding the 2008 Judgment. *See Bank of New York Mellon v. Soniavou Books, LLC*, 403 S.W.3d 900, 906 n.2 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Longhurst v. Clark*, No. 01-07-00226-CV, 2008 WL 3876175, at *2 (Tex. App.—Houston [1st Dist.] Aug. 21, 2008, no pet.) (mem. op.).

The record reflects that the Unincorporated Society was not a defendant in the 2005 lawsuit or a party to the 2008 Judgment. Neither the application nor the appellate record explains the nature of the Unincorporated Society or shows that the Unincorporated Society has any interest in the 2008 Judgment or the appointment of a receiver under Texas Civil Practice and Remedies Code section 31.002(b)(3) regarding the 2008 Judgment. We conclude that Applicants lacked

standing to seek appointment of a receiver to the extent they did so as representatives of the Unincorporated Society. *See BJVSD Bird Family Partnership, L.P. v. Star Electricity, L.L.C.*, 413 S.W.3d 780, 783–86 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Accordingly, to the extent Applicants filed the application as representatives of the Unincorporated Society, we order the trial court's order vacated, and to the extent Applicants appeal in this capacity, we dismiss their appeal. *See Partners in Building, L.P. v. Eure*, No. 14-12-00123-CV, 2013 WL 1279407, at *2–3 (Tex. App.—Houston [14th Dist.] Mar. 28, 2013, no pet.) (mem. op.).

**B.    Did the trial court abuse its discretion in denying the applicants' request for appointment of a receiver in their respective individual capacities?**

The Texas Rules of Civil Procedure limit a trial court's jurisdiction after it has entered a final judgment. *Choudhri v. Latif & Co.*, No. 14-14-00235-CV, 2014 WL 2854875, at *5 (Tex. App.—Houston [14th Dist.]Jun. 3, 2014, no pet. h.) (mem. op.). After the trial court loses its plenary power to grant a new trial, vacate, modify, correct, or reform its judgment, the actions that the court may take with respect to its judgment are limited. *See id.* Among these limited actions are the trial court's statutory and inherent power to enforce its judgment. *See id.* But, the trial court may not issue an order that is inconsistent with the original judgment, or one that constitutes a material change in the substantive adjudicative portions of the judgment, or one that requires the performance of additional obligations not imposed by the final judgment. *See id.*

A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means to reach property for the purpose of obtaining satisfaction on the judgment if the judgment debtor owns property, including

5

present or future rights to property, that: (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a) (West 2014). The trial court may appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. *Id.* § 31.002(b). We review a trial court's order denying the appointment of a receiver under an abuse-of-discretion standard. *Beaumont Bank, N.A. v. Butler*, 806 S.W.2d 223, 226 (Tex. 1991).

In the 2008 Judgment, the trial court rendered judgment that Poindexter take nothing on his claims against the defendants, including against Applicants in their individual capacities. The trial court did not grant affirmative relief in favor of any party and taxed the court costs against Poindexter. Although the trial court articulated in its conclusions of law that one of the alternative reasons for this take-nothing judgment was that the 2002 Judgment is void, the trial court did not declare that judgment void in the 2008 Judgment. Indeed, the trial court did not address whether Poindexter received or wrongfully collected any funds under the 2002 Judgment or whether Poindexter should return any funds to any defendant.

More than five-and-a-half-years after rendition of the 2008 Judgment and after the trial court had lost plenary power over that judgment, Applicants requested appointment of a receiver under Texas Civil Practice and Remedies Code section 31.002(b)(3). To the degree Applicants sought appointment of a receiver in their individual capacities, we conclude that the trial court did not abuse its discretion in denying this relief. *See Stanley v. Reef Securities, Inc.*, 314 S.W.3d 659, 670–71 (Tex. App.—Dallas 2010, no pet.). Accordingly, to this extent, we overrule Applicants' sole issue.

6

### III. CONCLUSION

Applicants lacked standing to seek the appointment of a receiver as representatives of the Unincorporated Society. Therefore, to the extent they filed the application as representatives of the Unincorporated Society, we order the trial court's order vacated. We further dismiss the appeal of Applicants as representatives of the Unincorporated Society. Applicants, however, had standing to seek appointment of a receiver in their individual capacities. The trial court did not abuse its discretion in denying their application in that capacity. Accordingly, we affirm the trial court's order in this regard.


/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.

7