**Opinion issued August 13, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00470-CV

———————————

**BJVSD BIRD FAMILY PARTNERSHIP, L.P., Appellant**

**V.**

**STAR ELECTRICITY, L.L.C. D/B/A STARTEX POWER, Appellee**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 0958846**

---

## O P I N I O N

Appellant, BJVSD Bird Family Partnership, L.P., acting individually and as the limited partner of Triton 88, L.P. *f/k/a* Triton 88, L.L.C. and of Triton 2000, L.L.C. ("BJVSD"), challenges the trial court's post-judgment rulings severing Triton 88 from the case and modifying its previous appointment of a receiver.

Appellee, Star Electricity, L.L.C. *d/b/a* StarTex Power ("StarTex"), argues that BJVSD lacks standing to appeal.

We dismiss for lack of jurisdiction.

## Background

In the underlying case, StarTex sued Triton 88, L.P. and its general partner, Triton 2000, L.L.C., for breach of contract and other claims, and, on April 26, 2010, the trial court awarded StarTex over $300,000 on those claims against both defendants. On July 28, 2010, the trial court appointed a receiver over the property of both Triton 88 and Triton 2000. The Triton entities appealed this judgment to this Court, resulting in cause number 01-10-00601-CV.

On April 6, 2011, Triton 88 filed for bankruptcy. On April 7, 2011, the trial court signed an order severing Triton 88 and leaving Triton 2000 as the sole judgment debtor in the underlying case, while the severed cause was stayed pending Triton 88's bankruptcy proceedings. That same day, the trial court entered a modified order appointing a receiver, continuing the previous appointment of the receiver over Triton 2000 and stating that "circumstances necessitate the enlargement of the Receiver's authority and power to conserve the property and business and to satisfy [StarTex's] judgment." The order authorized the receiver to

> take charge of Triton 2000 . . . and act as its sole manager, member
> and officer to operate and conduct the business of Triton 2000. . . .

2

All current managers, members, officers or any party asserting corporate authority on behalf of Triton 2000, LLC shall have no further authority to act on its behalf until further order of this Court.

On April 8, 2011, Triton 2000 filed for bankruptcy. BJVSD then filed a notice with the trial court that it had filed an "Emergency Motion to Confirm Authority of Limited Partner to Remove Triton 2000, LLC as the General Partner of the Debtor [Triton 88]" in the bankruptcy court. BJVSD attached to this notice a copy of Triton 88's Limited Partnership Agreement and a copy of the motion filed in the bankruptcy court.

On May 20, 2011, BJVSD filed a petition in intervention in the underlying case. BJVSD argued in its petition in intervention that the trial court entered its April 7, 2011 orders without providing BJVSD, Triton 88, or Triton 2000 notice or an opportunity to respond. BJVSD further stated that it was "intervening to protect its rights in the assets of Triton 88." It requested that the modified order appointing the receiver be set aside.

That same day, the receiver, joined by StarTex, filed an emergency motion for an order to show cause, asking the trial court to direct BJVSD, its general partners, Bill Bird and Vicki Bird, and their attorney, David Butts, "to show cause why they should not be held in contempt for violating the Modified Order Appointing Receiver by attempting to interfere with the Receiver's exclusive possession of the property of Triton 2000, LLC, and attempting to interfere with

3

the Receiver in the carrying out of his duties." The substance of the receiver's complaints related to BJVSD's attempts to remove Triton 2000 as the general partner of Triton 88.

Also on May 20, 2011, BJVSD filed a notice of appeal, stating that it desired to appeal the trial court's April 7, 2011 modified order appointing a receiver. The notice of appeal stated that it was "brought less than 20 days following the rendition of the order, as this proceeding was stayed by bankruptcy Case No. 11-33227, styled *In re: Triton 2000, LLC*, in the United State Bankruptcy Court for the Southern District of Texas, from April 8, 2011 to May 10, 2011."[1]

On May 23, 2011, BJVSD moved the trial court to reconsider its April 7, 2011 modified order appointing the receiver. It also responded to the receiver's emergency motion to show cause.

On May 25, 2011, the trial court stayed "the implementation of the vote of the BJVSD Bird Family Partnership, L.P. to remove Triton 2000, LLC as the general partner of Triton 88, L.P." until May 27, 2011, the date of the scheduled show-cause hearing.

On May 26, 2011, BJVSD filed a brief with the trial court addressing the issues of the severance order, the modified order appointing the receiver, and

---

[1] The notice of appeal also stated that "the receivership order being appealed from is a post-judgment matter related to a pending appeal in the First Court of Appeals, Cause No. 01-10-00601-CV, styled, *Triton 88, L.P. f/k/a Triton 88, LLC and Triton 2000, LLC, Appellants, vs. Star Electricity, LLC d/b/a StarTex Power*."

4

BJVSD's subsequent attempts to remove Triton 2000 as the general partner of Triton 88.

On May 27, 2011, the trial court ordered Bill Bird and Vicki Bird, "as partners in the BJVSD Bird Family Partnership" to appear before it on July 12, 2011 "to show cause why they should not be held in contempt of court or sanctioned for disobeying" the trial court's April 7, 2011 order.

On May 27, 2011, BJVSD filed an amended notice of appeal, giving notice of its desire to appeal both the modified order appointing the receiver and the order severing Triton 88 from the underlying case.

## Standing

As a preliminary matter, StarTex argues that BJVSD lacks standing to appeal. It asserts that BJVSD was not a party to the underlying judgment or to the trial court's subsequent severance order and modified order appointing a receiver. Thus, StarTex argues that BJVSD may not challenge the trial court's judgment and post-judgment rulings on direct appeal. BJVSD argues that it has standing to appeal under the virtual representation doctrine.

Standing is a component of subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Subject-matter jurisdiction is essential to a court's power to decide a case. *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001). Subject-matter jurisdiction is a

5

question of law and is subject to de novo review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Generally, only parties of record may appeal a trial court's judgment. *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006). However, the supreme court has recognized a limited exception when "a person or entity who was not a named party in the trial court may pursue an appeal in order to vindicate important rights." *Id.* This exception, also known as the virtual-representation doctrine, provides that a litigant is deemed to be a party if it will be bound by the judgment, its privity of interest appears from the record, and there is an identity of interest between the litigant and a named party to the judgment. *Id.* at 722. Because one who is virtually represented is already deemed to be a party, theoretically it "is not required to intervene in order to appeal."[2] *Id.* However, as a practical matter, one who seeks to invoke the virtual-representation doctrine in order to assert an interest on appeal must take some timely, appropriate action to attain named-party status. *Id.* The supreme court has noted that, in determining whether an appellant should be considered a "party" for purposes of appeal, "the most important consideration is whether the appellant is bound by the judgment." *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 755 (Tex.

---

[2] StarTex also argues that BJVSD's post-judgment attempt to intervene was improper, but, on appeal, BJVSD does not assert an argument that it was entitled to intervene. Therefore, any argument based on BJVSD's attempt to intervene in the trial court is waived. *See* TEX. R. APP. P. 38.1(1).

6

2003); *BASF Fina Petrochems. Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 870 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

Regarding the first element required to invoke the virtual-representation doctrine—that the litigant may be deemed a party if it will be bound by the judgment—BJVSD argues that, "as the sole limited partner of Triton 88 and the sole member of Triton 2000, [it] is bound to the judgment against Triton 88 and Triton 2000. BJVSD cannot take actions contrary to the judgment against Triton 88 and Triton 2000." BJVSD cites no legal support for its contention that it would be bound by the judgment against Triton 88 and Triton 2000.

BJVSD's argument mischaracterizes the liability of a limited partner in a limited partnership or a member of a limited liability company for judgments against the business entity. In a limited partnership, limited partners are not liable for the obligations of the limited partnership unless the limited partner is also a general partner or, in addition to the exercise of the limited partner's rights and powers, it participates in the control of the business.[3] TEX. BUS. ORGS. CODE ANN.

---

[3]    Section 153.102 provides that "[a] limited partner is not liable for the obligations of a limited partnership unless: (1) the limited partner is also a general partner; or (2) in addition to the exercise of the limited partner's rights and powers as a limited partner, the limited partner participates in the control of the business." TEX. BUS. ORGS. CODE ANN. § 153.102(a) (Vernon 2012). Subsection (b) provides: "If the limited partner participates in the control of the business, the limited partner is liable only to a person who transacts business with the limited partnership reasonably believing, based on the limited partner's conduct, that the limited partner is a general partner." *Id.* § 153.102(b).

§ 153.102(a) (Vernon 2012); *Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n*, 77 S.W.3d 487, 499 (Tex. App.—Texarkana 2002, pet. denied). And even if the limited partner participates in the control of the business, it is only liable to persons who transact business with the limited partnership reasonably believing, based on the limited partner's conduct, that the limited partner is a general partner. TEX. BUS. ORGS. CODE ANN. § 153.102(b); *Pinebrook Props.*, 77 S.W.3d at 499. BJVSD is not a general partner, nor has any party in the underlying case alleged that, based on BJVSD's conduct, it believed that BJVSD was a general partner. Thus, absent a showing that BJVSD participated in the control of the business (which has not been made here), BJVSD is not bound by the judgment by virtue of its role as the limited partner of Triton 88.

Likewise, Business Organizations Code section 101.106(b) provides that "[a] member of a limited liability company . . . does not have an interest in any specific property of the company." TEX. BUS. ORGS. CODE ANN. § 101.106(b) (Vernon 2012). If further provides, "[e]xcept as and to the extent the company agreement specifically provides otherwise, a member or manager is not liable for a debt, obligation, or liability of a limited liability company, including a debt, obligation, or liability under a judgment, decree, or order of a court." *Id.* § 101.114 (Vernon 2012). Thus, absent a showing that the LLC agreement provides

otherwise (which has not been made here), no liability for the underlying judgment is imposed on BJVSD by virtue of its role as a member of Triton 2000.

Furthermore, the relationship between BJVSD and the judgment debtors, Triton 88 and Triton 2000, is distinguishable from other cases in which courts have employed the virtual-representation doctrine. In *Lumbermens*, the case upon which BJVSD relies, Lumbermens, the judgment debtor's insurer and the party that posted the appellate security, sought to intervene in the court of appeals. 184 S.W.3d at 723. It argued that "the $29 million bond it posted to secure the underlying judgment and its potential liability for that judgment vest it with an interest protected under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the due-course-of-law provision of the Texas Constitution." *Id.* Lumbermens also argued that it had no basis for intervening before the judgment debtor elected not to contest the trial court's choice-of-law determination on appeal, as "its insured adequately represented Lumbermens' interests" until that point. *Id.* The supreme court agreed with Lumbermens and held that it was entitled to invoke the virtual-representation doctrine to raise on appeal the choice-of-law issue its insured abandoned in order to settle uninsured claims in another suit. *Id.* at 729.

Here, however, BJVSD has not shown that it is an insurer or other party having a duty to pay all or part of the judgment. Furthermore, BJVSD has made

9

no showing that Triton 88 or Triton 2000, as the actual entities bound under the judgment, are unable to adequately represent their own interests and thus, indirectly, those of their limited partner or members. *See also City of San Benito*, 109 S.W.3d at 755 (holding that unnamed class members who had contested fairness of proposed settlement and attempted to opt out of class action were entitled to appeal settlement under virtual-representation doctrine); *Motor Vehicle Bd. of Tex. v. El Paso Indep. Auto. Dealers Ass'n*, 1 S.W.3d 108, 110–11 (Tex. 1999) (holding that Attorney General and Motor Vehicle Board, who bore statutory-enforcement responsibilities, were entitled to appeal trial court's ruling that law was unconstitutional under virtual-representation doctrine, even though they were not parties to judgment).

BJVSD argues that, as "the sole party in interest for both Triton 88 and Triton 2000," it has a privity of interest with those entities and a "strong identity of interest between BJVSD and Triton 88 and Triton 2000." It argues that the trial court's post-judgment rulings "had a direct impact of harm on BJVSD." However, all of BJVSD's interest in the underlying judgment and any resulting harm flow solely from its role as the limited partner of Triton 88 or as a member of Triton 2000, the entities actually bound by the judgment. "An individual stakeholder in a legal entity does not have a right to recover personally for harms done to the legal entity." *Nausler v. Coors Brewing Co.*, 170 S.W.3d 242, 250 (Tex. App.—Dallas

10

2005); *see also Hall v. Douglass*, 380 S.W.3d 860, 873 (Tex. App.—Dallas 2012, no pet.) (holding that limited partner does not have standing to sue for injuries to partnership that merely diminish value of that partner's interest); *Swank v. Cunningham*, 258 S.W.3d 647, 661 (Tex. App.—Eastland 2008, pet. denied) (holding that cause of action for injury to corporation's property or for impairment or destruction of its business is vested in corporation, as distinguished from its shareholders) (citing *Redmon v. Griffith*, 202 S.W.3d 225, 233 (Tex. App.—Tyler 2006, pet. denied)). This is so even though the economic impact of the alleged wrongdoing may bring about reduced earnings, salaries, or bonuses. *See Hall*, 380 S.W.3d at 873; *Nausler*, 170 S.W.3d at 251.

BJVSD has made no showing that it had an individual legal right relative to the underlying judgment and the complained-of post-judgment orders. *See Nauslar*, 170 S.W.3d at 249 (holding that only one whose primary legal right has been breached may seek redress for injury); *see also Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976) ("Without breach of a legal right belonging to the plaintiff no cause of action can accrue to his benefit."). Thus, BJVSD, as a limited partner or member of the interested entities, is not a proper party to challenge the trial court's orders severing Triton 88 from the underlying case and appointing a receiver for Triton 88 and Triton 2000.

We conclude that BJVSD may not invoke the doctrine of virtual representation under the circumstances of this case.  *See Lumbermens*, 184 S.W.3d at 723–25.  Because BJVSD was not a party to the underlying judgment or the complained-of orders and has not established its right to participate on appeal on the basis of the virtual-representation doctrine, we hold that BJVSD lacks standing to pursue this appeal.  *Id.* at 723 (stating that, generally, only parties of record may appeal trial court's judgment).  Accordingly, we dismiss the appeal for lack of jurisdiction.  *See* TEX. R. APP. P. 42.3(a); *Novak*, 52 S.W.3d at 708 (holding that standing is component of subject-matter jurisdiction, and subject-matter jurisdiction is essential to court's authority to hear case).

## Conclusion

We dismiss the appeal for lack of jurisdiction.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.