

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00030-CV
_____

IN RE GREAT NORTHERN ENERGY, INC.

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

O P I N I O N

Great Northern Energy, Inc. (Great Northern) has filed a petition for writ of mandamus asking this Court to direct the Honorable 71st Judicial District Court of Harrison County to vacate a March 31, 2016, turnover order in a post-judgment collection action. Alternatively, Great Northern asks this Court to direct the trial court to vacate the turnover order insofar as it requires a turnover of its counterclaim in a lawsuit currently pending in federal court. Because Great Northern has an adequate remedy by appeal with respect to the procedural and/or evidentiary complaints it makes regarding the turnover order, we deny the requested mandamus relief as to those complaints. We conditionally grant the petition for writ of mandamus to the extent it requests the vacation of the turnover order requiring Great Northern to turn over its causes of action in *Baker v. Great Northern Energy, Inc., et al.*, Civil Action No. 3:14-CV-00240-B, currently pending in the United States District Court for the Northern District of Texas, Dallas Division (the *Baker* Lawsuit).

I. **Background**

This petition for writ of mandamus emanates from a lawsuit in which Circle Ridge Production, Inc. (Circle Ridge) sued Great Northern and its principals, Joe Loftis and Ronald J. Abercrombie, to quiet title to certain mineral interests and to recover damages for breach of a promissory note and deed of trust. The trial concluded on October 22, 2015, with a verdict in favor of Circle Ridge against Great Northern.[1] The trial court entered judgment on the jury verdict for

---

[1]During the course of the trial, Circle Ridge nonsuited its claims against Loftis and Abercrombie.

Circle Ridge on December 7, 2015, in the amount of $637,114.15. On March 28, 2016, Circle Ridge filed a motion seeking a turnover order and the issuance of a temporary injunction. After a hearing at which Circle Ridge requested, among other things, that Great Northern be required to turn over its counterclaim asserted in the *Baker* Lawsuit the trial court entered its turnover order.[2] The order required Great Northern to turn over various nonexempt assets, including its counterclaim in the *Baker* Lawsuit. The trial court also appointed a receiver and entered an injunction against Loftis, Abercrombie, and Great Northern's attorneys, prohibiting them from disposing of, selling, mortgaging, or using as collateral "any assets."

## II.     Standard for Mandamus Relief

In this mandamus proceeding, we must determine whether the Relator has an adequate remedy by appeal, and whether the trial judge abused his discretion by entering the turnover order and order appointing a receiver. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992); *IMC Fertilizer, Inc. v. O'Neill*, 846 S.W.2d 590, 591 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding). Mandamus will not issue when there is a clear and adequate remedy by appeal, because mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *Walker*, 827 S.W.2d at 840. "The writ will issue 'only in situations involving

---

[2]The Texas turnover statute is a procedural device to assist judgment creditors in post-judgment collection. The statute empowers courts to order a judgment debtor to turn over nonexempt property that is in the debtor's possession or subject to the debtor's control, including present or future rights to property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2015); *Commerce Sav. Ass'n v. Welch*, 783 S.W.2d 668, 671 (Tex. App.—San Antonio 1989, no writ). Subsection (d) of Section 31.002 provides the judgment creditor with the option of moving for a turnover order in the same proceeding in which judgment was rendered or in an independent proceeding. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(d). The judgment debtor must own the property, and it must be property that a creditor cannot readily attach or levy by ordinary legal means.

manifest and urgent necessity.'" *Id*. (quoting *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding)).

A trial court clearly abuses its discretion if it reaches a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Stated differently, an abuse of discretion occurs if a trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The resolution of factual matters is committed to the sound discretion of the trial court, and we may not substitute our judgment for that of the trial court. *Walker*, 827 S.W.2d at 839. Conversely, appellate review of a trial court's determination of what the law is, or its application of the law to the facts, is much less deferential. *Id*. at 840. Because a trial court has no discretion in the matter, a failure of the trial court to properly analyze the law or apply it to the facts will constitute an abuse of discretion. *Id*.

## III. Analysis

### A. Great Northern Failed to Show that the Underlying Judgment is Not Final

Great Northern initially contends that the underlying judgment is not final and, therefore, that the trial court abused its discretion in issuing the turnover order. "Without a final judgment, a turnover order is void, and mandamus relief lies to vacate the void order." *See In re Alsenz*, 152 S.W.3d 617, 620 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) (citing *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973) (orig. proceeding) (providing mandamus relief for a void nunc pro tunc judgment entered after original judgment had become final); *see also Ex parte Johnson*,

4

654 S.W.2d 415, 417 (Tex. 1983) (orig. proceeding) (noting that turnover order designed to secure "satisfaction of a final judgment"); *In re Bro Bro Props., Inc.*, 50 S.W.3d 528, 531 (Tex. App.—San Antonio 2000, orig. proceeding) (conditionally granting petition for writ of mandamus because trial court's turnover order was premature absent final judgment).

The basis of Great Northern's contention that the underlying judgment is merely interlocutory stems from the fact that Circle Ridge's Fifth Amended Petition, filed on October 13, 2015, named three additional defendants who either remained unserved, or who had not filed an answer to the lawsuit at the time of trial. Trial commenced on October 19, 2015.[3] Great Northern claims that although the judgment purports to dispose of "all parties and claims" and states that it "is appealable," this cannot be the case because the recently named defendants were not required to answer the lawsuit prior to commencement of trial.

"A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). There must be some "clear indication that the trial court intended the order to completely dispose of the entire case." *Id*. at 205.

> More specifically, a judgment is final for purposes of appeal when (1) a judgment expressly disposes of some, but not all defendants, (2) the only remaining defendants have not been served or answered, and (3) nothing in the record indicates that plaintiff ever expected to obtain service on the unserved defendants, such that the case "stands as if there had been a discontinuance" as to the unserved defendants.

---

[3]From the record before us, we are unable to determine whether the Fifth Amended Petition was filed in compliance with Rule 63 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 63.

*In re Sheppard*, 193 S.W.3d 181, 187 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (quoting *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962)); *see also M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674–75 (Tex. 2004) (per curiam) (holding that decision in *Penn* survives *Lehmann*); *In re Miranda*, 142 S.W.3d 354, 357 (Tex. App.—El Paso 2004, orig. proceeding) (conditionally granting writ of mandamus on grounds that trial court had lost plenary power thirty days after summary judgment disposed of all defendants except defendant that remained unserved).

Here, the judgment stated, "All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties and claims and is appealable." Further, Circle Ridge chose to go forward with the trial, despite the fact that it had only recently named three additional defendants. This evidences Circle Ridge's intent to abandon its claims against the three recently-named defendants. Yet, the rule in *Penn* rather clearly requires a discontinuance as to an unserved party, rather than a party who has been served but has not yet filed an answer. *See Penn*, 363 S.W.2d at 232. We are unable to determine, from the record before us, whether any of the three recently added defendants had been served with process at the time trial commenced, thereby rendering the judgment non-final. Because Great Northern has failed to establish that the trial court's judgment was not a final judgment, we decline to grant the requested mandamus relief on that basis.

## B.     The Trial Court's Authorization to Enter the Turnover Order

Great Northern next contends that it is entitled to mandamus relief because there is no evidence that the requisites of Section 31.002 were satisfied. *See* TEX. CIV. PRAC. & REM. CODE

6

ANN. § 31.002.[4]  Specifically, Great Northern complains that there is no evidence and there are no

findings that (1) the judgment remains unsatisfied, (2) it owns nonexempt assets, and (3) its

---

[4]Section 31.002 provides:

(a)     A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:

(1)     cannot readily be attached or levied on by ordinary legal process; and

(2)     is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

(b)     The court may:

(1)     order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;

(2)     otherwise apply the property to the satisfaction of the judgment; or

(3)     appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

(c)     The court may enforce the order by contempt proceedings or by other appropriate means in the event of refusal or disobedience.

(d)     The judgment creditor may move for the court's assistance under this section in the same proceeding in which the judgment is rendered or in an independent proceeding.

(e)     The judgment creditor is entitled to recover reasonable costs, including attorney's fees.

(f)     A court may not enter or enforce an order under this section that requires the turnover of the proceeds of, or the disbursement of, property exempt under any statute, including Section 42.0021, Property Code.  This subsection does not apply to the enforcement of a child support obligation or a judgment for past due child support.

(g)     With respect to turnover of property held by a financial institution in the name of or on behalf of the judgment debtor as customer of the financial institution, the rights of a receiver appointed under Subsection (b)(3) do not attach until the financial institution receives service of a certified copy of the order of receivership in the manner specified by Section 59.008, Finance Code.

nonexempt assets cannot be readily levied on by ordinary means. Conversely, Circle Ridge claims that (1) Great Northern's counsel made various statements regarding the identification of Great Northern's nonexempt assets, (2) such statements are judicial admissions and are sufficient to satisfy the statute, and (3) Great Northern has refused to respond to discovery regarding its nonexempt assets. This is fodder for direct appeal.

As a general rule, turnover orders are final, appealable orders, *Burns v. Miller*, *Hiersche*, *Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) (per curiam), and, therefore, must be attacked on direct appeal. *Davis v. West*, 317 S.W.3d 301, 309 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Issues relating to the evidentiary underpinnings of a turnover order are precisely the types of issues that are subject to direct appeal. *See id*. at 310. "[T]he fact the turnover order is contrary to a statute or contains errors only makes the judgment 'voidable' and does not give a party the right to circumvent ordinary appellate or other direct procedures to correct it." *In re Wiese*, 1 S.W.3d 246, 250–51 (Tex. App.—Corpus Christi 1999, orig. proceeding) (turnover order failed to include evidentiary findings relating to amount of property to be seized and whether debtor owned sufficient property to satisfy judgment and failed to make provisions for debtor's reasonable and necessary business expenses); *see In re Bradberry*, No. 12-12-00162-CV, 2012 WL 3201928, at *1 (Tex. App.—Tyler Aug. 8, 2012, orig. proceeding) (mem. op.); *In re Dittmer*,

---

(h) A court may enter or enforce an order under this section that requires the turnover of nonexempt property without identifying in the order the specific property subject to turnover.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.002.

No. 14-12-01070-CV, 2012 WL 5954167, at *1 (Tex. App.—Houston [14th Dist.] Nov. 29, 2012, orig. proceeding) (per curiam) (mem. op.). While mandamus relief is appropriate in certain circumstances, Great Northern's complaints relating to the evidentiary underpinnings of the order do not call for mandamus relief. *See, e.g.*, *In re Hamel*, No. 04-05-00359-CV, 2005 WL 2216584, at *2 (Tex. App.—San Antonio Sept. 14, 2005, orig. proceeding) (mandamus appropriate when turnover order based on judgment previously declared void by appellate court); *In re Alsenz*, 152 S.W.3d 617, 621 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) (mandamus appropriate when trial court ordered supersedeas bond turned over to nonparties and relator's compliance with order would have extinguished appellate rights); *Plaza Court, Ltd. v. West*, 879 S.W.2d 271, 275 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding) (mandamus appropriate remedy when turnover order directed nonparty corporation to turn over assets to receiver in satisfaction of judgment against corporation's shareholder). Because Great Northern has an adequate appellate remedy with respect to its evidentiary and/or procedural complaints, we decline to grant mandamus relief on this basis.

### C.     Turnover of Great Northern's Counterclaim in the *Baker* Lawsuit

Great Northern next contends that, even if it is not entitled to mandamus relief with respect to the entirety of the turnover order, it is, at the very least, entitled to such relief as it pertains to the ordered turnover of its counterclaim in the *Baker* Lawsuit. The turnover of its counterclaim in ongoing litigation, Great Northern contends, will impair its trial strategy and deprive Great Northern of its right to due process of law in that proceeding. The turnover of the counterclaim, it

9

maintains, effectively extinguishes not only the counterclaim, but also the defensive benefits of its assertion.

Specifically permitted as subjects of a turnover order are "causes of action against third parties to a judgment creditor who [has] the same interest in pursuing them to maximum value as the judgment debtor." *Associated Ready Mix, Inc. v. Douglas*, 843 S.W.2d 758, 762 (Tex. App.—Waco 1992, orig. proceeding); *see D & M Marine, Inc. v. Turner*, 409 S.W.3d 853, 857 (Tex. App.—Fort Worth 2013, pet. denied) (quoting *Douglas*, 843 S.W.2d at 762); *In re Farmers Ins. Exch.*, No. 13-14-00330-CV, 2014 WL 6804986, at *3 (Tex. App.—Corpus Christi, Dec. 4, 2014, orig. proceeding) (mem. op.). "A counterclaim is a cause of action existing in favor of a defendant against a plaintiff." *McBryde v. Curry*, 914 S.W.2d 616, 620 (Tex. App.—Texarkana 1995, writ denied). Consequently, the counterclaim was a proper subject of the turnover order. The issue here is whether the ordered turnover of Great Northern's counterclaim presents a unique situation in which an appellate remedy may be inadequate due to exceptional circumstances. *See In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding) ("[O]n rare occasions an appellate remedy, generally adequate, may become inadequate because the circumstances are exceptional.").

Illustrative of the types of turnover orders which could render an appellate remedy inadequate are those that (1) violate public policy, (2) violate the open-courts doctrine, and (3) extinguish a cause of action. *See Criswell v. Ginsberg & Foreman*, 843 S.W.2d 304, 306–07 (Tex. App.—Dallas 1992, no writ) (turnover order would violate public policy and the open-courts doctrine); *Douglas*, 843 S.W.2d at 762 (trial court abused its discretion in the issuance of turnover

order having the effect of extinguishing debtor's cause of action against creditor). These cases emphasize the fact that turnover orders are intended to provide a reasonable means to assist judgment creditors in their collections efforts. However, to allow such creditors to "use the turnover statute to purchase potential causes of action against them in order to extinguish those claims would be unreasonable." *Charles v. Tamez*, 878 S.W.2d 201, 205 (Tex. App.—Corpus Christi 1994, writ denied). *Criswell* held that such a turnover order would violate the open courts provision because any justiciable controversy would be extinguished. Such a restriction is "unreasonable or arbitrary when balanced against the purpose of the statute." *Criswell*, 843 S.W.2d at 307. Further, the turnover of a claim that the judgment creditor will not litigate "preclude[s] a determination of the merit and value of a party's claim." *Douglas*, 843 S.W.2d at 762 (concluding that such application does not accomplish purpose of Section 31.002); *see Criswell*, 843 S.W.2d at 307 (application of Section 31.002 in this manner is unconstitutional).

Here, Great Northern bears the burden to show that it has a cognizable common law cause of action that the application of Section 31.002 is restricting. *See Criswell*, 843 S.W.2d at 306. Circle Ridge contends that it is a creditor seeking turnover of a suit not against itself, but against a third party. Great Northern nevertheless contends that the trial court's order effectively extinguishes its counterclaim against *Baker*, precludes a determination of the merit and value of the claim, and impairs its defensive strategy in the *Baker* litigation. As its evidence, Great Northern points to statements made by counsel for Circle Ridge at the turnover hearing. The following exchange provides context:

11

[Counsel for Great Northern]: [The counter claim is] a part of existing litigation. And it is part of the defense of Great Northern to the extent that it is a counterclaim.

. . . .

If this Court orders any turnover or any impairment of their ability to defend themselves, Your Honor, that's going to be a violation of Great Northern's constitutional rights to defend itself.

. . . .

Now, I don't have any objection to the Court ordering us to make them aware of what's going on in those lawsuits. We don't mind giving them notice and letting them know what's happened, but the . . . Baker suit is very much in litigation. . . .

THE COURT: Well, Mr. Runyan, if you're made aware of any settlement they have, can you not just attach at that point?

. . . .

THE COURT: I'll just ask you about his argument that . . . if there's a turnover order issued on that, that affects his defense claim that he has, certainly. It would seem to be that would be the case. . . .

. . . .

[Counsel for Circle Ridge]: . . . . [T]he fact that they may lose every defense that they have and another judgment be taken against them, I mean, all they're going to use this for, Your Honor, from a summit standpoint is to offset the liability.

. . . .

So what we want to have the Court do is to have an order turned over to a receiver so that the receiver can go to the Plaintiff, the Counter-Defendant in that lawsuit, and negotiate with them.

What's this worth to y'all? . . . I've got a counterclaim, and I can sell it to you. What can I sell it to you for?

12

> And it's going to be worth something to those Plaintiffs/Counter-Defendants in that federal court action in Dallas. . . . [w]hether it hinders them in their defense, that's their problem. . . .
>
> . . . .
>
> And it's going to . . . be bad for them. I readily admit that.

Both the trial court and counsel for Circle Ridge recognized that a turnover of the counterclaim would indeed impair Great Northern's defense of the claims against it in the *Baker* lawsuit. Further, it is apparent that Circle Ridge intends to sell the counterclaim, thereby extinguishing that claim, effectively precluding a determination of the merit and value of the claim. And, although this case is different from *Douglas* to the extent that the claim was not against the creditor, based on Circle Ridge's counsel's comments noted above, it appears that Circle Ridge has absolutely no interest in pursuing the claim to the maximum value as does Great Northern.[5] More importantly, though, the turnover of Great Northern's counterclaim will negatively impact its defensive strategy and impair its ability to fully and fairly defend itself in the *Baker* Lawsuit. For these reasons, we are compelled to conclude that the turnover order amounts to an unreasonable restriction on Great Northern's cause of action and, thus, that it cannot stand.

We therefore conditionally grant Great Northern's petition for writ of mandamus only with respect to the turnover of its counterclaim in the *Baker* Lawsuit. The trial court is directed to

---

[5]According to Circle Ridge's counsel, Circle Ridge does not seek to pursue maximization of the counterclaim's value as a cause of action, but instead seeks to extinguish that counterclaim on behalf of the counter-defendant for a fee. The price the counter-defendant may be willing to pay to extinguish the counterclaim is not the same as the maximum value of the counterclaim itself. Accordingly, even though Circle Ridge is not the judgment creditor in the *Baker* Lawsuit, the effect of the trial counsel's turnover order is the same: namely, if Circle Ridge's negotiations with the Baker plaintiffs are successful, the claim will be extinguished.

vacate the turnover order insofar as it requires a turnover of Great Northern's counterclaim in *Baker v. Great Northern Energy, Inc., et al.*, Civil Action No. 3:14-CV-00240-B, currently pending in the United States District Court for the Northern District of Texas, Dallas Division. We are confident the trial court will promptly comply, and our writ will issue only if it does not. We deny all other relief.

 

 

Ralph K. Burgess
Justice

Date Submitted:    May 27, 2016
Date Decided:     May 31, 2016