**Motion Denied and Order filed February 22, 2018**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-17-00848-CV

———————

## IN THE MATTER OF THE MARRIAGE OF CONNIE SUE DILICK AND MATTHEW GERARD DILICK

---

**On Appeal from County Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Cause No. 14-FD-2582**

---

## ORDER

This order concerns the motion to substitute filed by Jay H. Cohen, individually and as trustee of the JHC Trust I and JHC Trust II ("Cohen"). Cohen seeks to substitute himself as a party to this appeal in place of appellant Ron Sommers, Bankruptcy Chapter 7 Trustee ("the Trustee") to litigate on behalf of three limited partnerships ("the Partnerships"). Cohen filed the motion "for himself, the trusts, and derivatively as 80% limited partner of [the Partnerships] on behalf of the Partnerships." Appellee Matthew Dilick opposes the motion and requests sanctions. The Trustee responded to the motion at our request; he does not oppose the motion. We deny the motion without prejudice, and we deny Dilick's motion for sanctions.

BACKGROUND

This appeal has a complicated history.[1] It arises from a divorce proceeding, but it does not concern the divorce.

### A.     The Partnerships

Dilick and Cohen formed the Partnerships[2] to commercialize several tracts of land Cohen owned. Cohen transferred the land to the Partnerships so the land could be developed to generate income.

Cohen or one of his trusts holds an 80% interest in each Partnership as a limited partner, and Dilick or entities he controls hold the remaining 20% — roughly 19% as a limited partner and 1% as the sole general partner.[3]

### B.     Cohen sues Dilick

Cohen sued Dilick and others in 2010 in Harris County ("the Harris County Suit"), alleging Dilick improperly used Partnership assets for personal gain. Cohen asserted primarily derivative claims brought on the Partnerships' behalf. In turn, the Partnerships, through their general partners, asserted counterclaims against Cohen and third-party claims against others. The case wended on for years as parties and claims were added and dropped.

### C.     Partnerships declare bankruptcy

In November 2014, two months before the scheduled trial date in the Harris

---

[1] The complete record has not been filed. The facts recited in this order are taken from the parties' briefing and exhibits regarding the motion to substitute.

[2] The Partnerships are: (1) Alabama & Dunlavy, Ltd.; (2) Flat Stone II, Ltd.; and (3) Flat Stone, Ltd. The ends of the Partnerships' names in the record vary between "LLC" and "Ltd." The judgment on appeal and the notice of appeal use "Ltd.," so that is how we will refer to those entities in this order.

[3] In one Partnership, the 19% is split roughly equally between Dilick and a third party not relevant to this appeal.

County Suit, the Partnerships filed voluntary petitions for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. Sommers was appointed as bankruptcy trustee for the Partnerships. Soon after, one of the defendants in the Harris County Suit removed that suit to the United States District Court for the Southern District of Texas on the basis of the bankruptcy proceeding.

The Trustee soon sought and obtained a declaratory judgment from the bankruptcy court that he owned all the claims asserted by the Partnerships in the Harris County Suit. As a result of that judgment, the Trustee owned Cohen's derivative claims against Dilick, the Partnerships' counterclaims against Cohen, and the Partnerships' third-party claims.

### D. Trustee sues Dilick and Cohen

The Trustee then filed an adversary proceeding in the bankruptcy case against Dilick, Cohen, and many others. In later filings, he described the crux of Dilick's alleged wrongdoings as "pillaging" each Partnership, either by skimming from loans to that Partnership or stealing from the proceeds of the sale of the Partnership's real property, and using the ill-gotten gains for his personal benefit. Cohen, according to the Trustee, "thwarted and disrupted" one Partnership's use of its real property by prohibiting or undermining negotiations for development of that property. The Trustee also alleged Cohen improperly continued to collect rent from tenants in the apartment building located on the property.

The Trustee asserted numerous causes of action, including breach of fiduciary duty, breach of contract, defalcation, civil theft, conversion, fraud, fraudulent transfer, conspiracy, and equitable claims. In addition to several equitable remedies, the Trustee sought actual and exemplary damages.

### E.    The Dilicks' divorce suit

#### 1.    The Trustee intervenes in the Dilicks' divorce suit

Shortly before the Partnerships declared bankruptcy, Dilick's then-wife sued him for divorce. In order to minimize the divorce's potential negative effect on the collectability of a judgment in the adversary proceeding, the Trustee intervened in the divorce suit in April 2015. The petition in intervention stated:

> Property owned by [the Partnerships] is included in the community property subject to this divorce proceeding and Matthew Dilick's separate property, if any. This property includes real estate and funds in excess of $10 million and assets acquired subsequent to the illegal transfer of funds to himself and the marital estate from [the Trustee].
>
> . . .
>
> The purpose of this suit is to preserve these millions of dollars and the real property itself so that it is not wrongfully divided as if it were part of the marital estate.

The Trustee alleged Dilick used the Partnerships' properties as collateral to obtain loans of approximately $34 million, deals he characterized as "insider transactions" subject to the Texas Uniform Fraudulent Transfers Act ("TUFTA"). *See* Tex. Bus. & Com. Code Ann. § ch. 24 (West 2015). He sought constructive trusts, resulting trusts, injunctive relief, and attorneys' fees.

Mr. and Mrs. Dilick filed separate answers to the petition in intervention. In his second amended answer, Mr. Dilick sought attorneys' fees under the TUFTA. *See id.* § 24.013.

In his briefing in this court, Dilick says the Trustee maintained throughout the case that he was not asking the divorce court to determine Dilick's liability with respect to the Partnerships; that determination would be made by the bankruptcy court in the adversary proceeding. Instead, the Trustee sought only to have the

4

divorce court place constructive and resulting trusts on certain assets in the marital estate or Dilick's separate property so that **if** the Trustee obtained a favorable judgment in the adversary proceeding, he could collect on that judgment.

### 2. The Trustee settles with Mrs. Dilick and nonsuit his claims

In late March 2017, the Trustee sought the bankruptcy court's approval of a settlement he reached with Mrs. Dilick. He filed a notice of nonsuit of his claims in the divorce proceeding the following week. Though the settlement was with Mrs. Dilick only, the nonsuit applied to the Trustee's claims against both her and Dilick. The divorce court signed an order dismissing the Trustee's claims without prejudice on April 7, 2017. Dilick's claim against the Trustee for attorneys' fees remained. The bankruptcy court approved the settlement on April 19, 2017.

### 3. Divorce court orders Trustee to pay Dilick's attorneys' fees

On July 17, 2017, the divorce court signed an order awarding Dilick his attorneys' fees under the TUFTA:

> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT Respondent Matthew Gerard Dilick have judgment against Intervenor Ron Sommers, Chapter 7 Bankruptcy Chapter 7 Trustee for Flat Stone, Ltd.; Flat Stone II, Ltd.; and Alabama & Dunlavy, Ltd. for the attorneys' fees awarded herein.

The order awards roughly $123,000 in attorneys' fees, $25,000 of which is contingent upon the outcome of any appeal.

The divorce court signed the final decree of divorce on July 31, 2017, at which time the judgment against the Trustee for attorneys' fees became final. The Trustee timely moved for a new trial; his motion was denied by written order. On October 26, 2017, the Trustee filed his notice of appeal, beginning the appeal before us.

5

## F.     Partnerships become solvent and bankruptcies are dismissed

In early August 2017, the Trustee moved to dismiss the bankruptcy proceedings as to all three Partnerships. The motion reported that, as a result of various transactions, two of the three Partnerships had regained solvency, and the total dollar amount of outstanding claims against the Partnerships had decreased drastically.

The bankruptcy court granted the motion and signed an order on November 3, 2017, dismissing the three bankruptcy proceedings. According to the Trustee, the dismissal became effective on November 9, 2017, and became a final order on November 17, 2017.

## G.     Dilick moves to dismiss the appeal, and Cohen moves to substitute himself as appellant

On November 10, 2017, Dilick filed a motion to dismiss this appeal for lack of jurisdiction. He asserts the Trustee's authority to act for the Partnerships ended when the bankruptcies were dismissed. As a result, he contends, the Trustee lacks standing, and the appeal must be dismissed. [4]

A few days later, Cohen filed this motion seeking to substitute himself as appellant to litigate on behalf of the Partnerships in place of the Trustee. He contends a limited partner may "bring an action in court on behalf of the limited partnership to recover a judgment in favor of the limited partnership" if the general partner— here, Dilick or entities he controls—refuses to do so. Tex. Bus. Orgs. Code Ann. § 153.401 (West 2012). Cohen also asserts substitution is permitted under unspecified "principles of equity." Alternatively, Cohen asks us to abate the appeal so he may "seek such order or judgment from the [bankruptcy court], or the [federal

---

[4] Dilick also sought dismissal for lack of prosecution based on the Trustee's failure to pay the appellate filing fee. *See* Tex. R. App. P. 5.

district court], as the Court may believe is necessary to clarify or declare Cohen's rights to defend the Partnerships from" the judgment in favor of Dilick for his attorneys' fees.

ANALYSIS

Substitution of parties who are not public officers is authorized by Texas Rule of Appellate Procedure 7.1. Subsection (b) governs substitution for reasons other than death of the party:

> If substitution of a party in the appellate court is necessary for a reason other than death, the appellate court may order substitution on any party's motion at any time.

Tex. R. App. P. 7.1(b).

## I.     Is substitution necessary?

Rule 7.1(b) expressly authorizes the court of appeals to order substitution when substitution is **necessary**. Substitution is necessary to avoid dismissal if the appellant lacks standing.

Standing is a component of subject matter jurisdiction. *Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). If the party pursuing the case lacks standing, the court lacks subject matter jurisdiction to hear the case. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *Douglas*, 987 S.W.2d 882.

Filing a bankruptcy petition creates a bankruptcy estate. 11 U.S.C. § 541(a); *Douglas*, 987 S.W.2d at 882. Once the petition is filed, all the debtor's assets, including legal claims, become part of the bankruptcy estate. *Douglas*, 987 S.W.2d at 882; *Bailey v. Barnhart Interest, Inc.*, 287 S.W.3d 906, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.). The bankruptcy trustee has exclusive standing to prosecute such a claim; the debtor lacks standing to do so. *Douglas*, 987 S.W.2d at

7

882 (holding debtor's claims must be dismissed for lack of jurisdiction because debtor lacked standing to assert them); *Bailey*, 287 S.W.3d at 913 (same).

This case presents a different question, though: does a bankruptcy trustee lose standing to prosecute a claim or appeal after the bankruptcy is dismissed? Cohen, Dilick, and the Trustee say yes. The Trustee cites *Sommers v. Sandcastle Homes, Inc.*, 521 S.W.3d 749 (Tex. 2017), a supreme court opinion in an appeal arising from a separate part of the Harris County Suit. In that appeal, Sommers substituted for Cohen as appellant after the Partnerships declared bankruptcy. *Id.* at 752. The supreme court held Sommers had standing to prosecute the appeal. *Id.* at 752–53. But, in *Sandcastle Homes,* the trustee substituted for the debtor after bankruptcy was declared but before it concluded, as in *Douglas* and *Bailey*. Here, the question is whether a debtor's limited partner may substitute for the trustee after the bankruptcy is dismissed.

The parties have not directed us to any authority for the proposition that a bankruptcy trustee lacks standing to pursue an appeal of a judgment signed when the trustee did have standing (i.e. before the bankruptcy was dismissed). Our research has not revealed any such authority.

We need not decide the standing issue, because we must deny the motion regardless of the Trustee's standing. If the Trustee has standing, then we deny the motion because substitution is not necessary.[5] If the Trustee lacks standing, as the parties contend, then we deny the motion because Cohen is not authorized to substitute for the Trustee.

---

[5] Rule 7.1(b) provides, "If substitution . . . is necessary . . . , the appellate court may order substitution . . . ." Tex. R. App. P. 7.1(b). We express no opinion as to whether we may order substitution **only** if substitution is necessary or whether we are **required**, rather than permitted, to order substitution if substitution is necessary.

## II. Cohen is an improper substitute

Generally, only a party to the judgment may appeal. *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006) (orig. proceeding); *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 740, 754–55 (Tex. 2003). Because the judgment is against the Trustee as a representative of the Partnerships, we assume for the sake of argument that the Partnerships are parties to the judgment.

Cohen wants to pursue this appeal in his capacity as a limited partner on behalf of the Partnerships:

> Cohen wishes to defend the Partnerships from the erroneous trial court judgment for attorney's fees in favor of Dilick and from the final judgment. Dilick does not want to defend the Partnerships; he wants the money and seeks to have this appeal dismissed. Dilick owns and controls the entities that are the general partners of the Partnerships and will not cause them to prosecute this appeal from the judgment against the Partnerships and in favor of Dilick.

Accordingly, we consider whether Cohen may prosecute the appeal for the Partnerships' benefit as a limited partner.[6]

### A. Cohen lacks authority to prosecute the appeal for the Partnerships

An individual stakeholder has no right to recover personally for harms done to the legal entity. *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 360 (Tex. App.—Houston [14th Dist.] July 26, 2016, pet. denied). Courts have applied this doctrine to conclude limited partners lack standing to assert claims individually when the claim belongs to the entity. *E.g.*, *id.* at 361–62; *BJVSD Bird Family P'ship, L.P. v. Star Elec., L.L.C.*, 413 S.W.3d 780, 785–86 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Hall v. Douglas*, 380 S.W.3d 860, 873 (Tex. App.—Dallas 2012, no pet.).

---

[6] Although the introduction to Cohen's motion says he is filing "for himself" as well as for the Partnerships, the body of the motion makes clear he believes his standing is based on his status as a limited partner.

Even though the injuries to the partnership may diminish the value of the limited partner's interest, the limited partner still lacks standing to sue for those injuries. *BJVSD*, 413 S.W.3d at 785–86; *Hall*, 380 S.W.3d at 873.

We have applied the same principle in analyzing appellate standing. *Spates v. Office of Attorney General*, 485 S.W.3d 546, 550–51 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Spates owed back child support. *Id.* at 549. When Prodigy Services, LLC, a limited liability company of which Spates was the sole member, sued another entity for breach of contract, the Attorney General of Texas intervened, requesting a charging order be entered against Prodigy. *Id.* at 548–49. The charging order would direct Prodigy to pay any funds due Spates directly to the Attorney General until the child support debt was paid. *Id.* at 549. The trial court signed a charging order, and Spates and Prodigy appealed. *Id.* at 550. We held Spates lacked standing to appeal because he was not a party to the charging order, and his membership in Prodigy did not, without more, give him standing. *Id.* at 550–51.

*Spates* controls this case. Cohen is not a party to the attorneys' fees judgment against the Trustee. His status as limited partner does not vest him with standing to appeal on behalf of the Partnerships. Further, nothing in the partnership agreements attached to the parties' briefing appears to confer authority on Cohen to sue on the Partnerships' behalf. He lacks standing to prosecute the appeal for the Partnerships' benefit.

Cohen relies on section 153.401 of the Business Organizations Code as support for his authority to continue this appeal. That section states:

> RIGHT TO BRING ACTION. A limited partner may bring an action in court on behalf of the limited partnership to recover a judgment in the limited partnership's favor if:
>
> (1)    all general partners with authority to bring the action have refused to bring the action; or

> (2)   an effort to cause those general partners to bring the action is not likely to succeed.

Tex. Bus. Orgs. Code Ann. § 153.401.

The statute expressly allows a limited partner to sue on behalf of the limited partnership to "recover a judgment in the limited partnership's favor." *Id.* No such judgment exists in this case. Cohen has not directed us to, and we have not located, a case in which a court relied on section 153.401 to allow a limited partner to prosecute the appeal of a judgment against a limited partnership.

## B.   The doctrine of virtual representation does not apply

We next consider whether Cohen has standing to pursue the Partnerships' appeal under the doctrine of virtual representation, an exception to the rule that only a party to the judgment may appeal. *City of San Benito*, 109 S.W.3d at 754–55. Under that doctrine, an appellant is a "deemed party" if the following three conditions are met: (1) the appellant is bound by the judgment; (2) the appellant's "privity of estate, title, or interest appears from the record"; and (3) there is an identity of interest between the appellant and a party to the judgment. *Id.* (quoting *Motor Vehicle Bd. v. El Paso Indep. Auto Dealers Ass'n*, 1 S.W.3d 108, 110 (Tex. 1999)). We conclude the doctrine of virtual representation does not apply because the first condition is not satisfied: Cohen is not bound by the judgment.

A defining characteristic of a limited partnership is that its limited partners are generally not liable for the partnership's obligations. Tex. Bus. Orgs. Code Ann. § 153.102(a). There are two exceptions to that rule: (1) if the limited partner is also a general partner; and (2) if, in addition to the exercise of the limited partner's rights and powers as a limited partner, the limited partner participates in the control of the business. *Id.* If the second exception is satisfied, the limited partner is liable only to a person who transacts business with the limited partnership reasonably believing,

11

based on the limited partner's conduct, that the limited partner is a general partner. *Id.* § 153.102(b).

Based on our review of the exhibits to the parties' briefing, neither of the two exceptions applies in this case. First, Cohen and his trusts are limited partners only; they are not also general partners. Second, neither party suggests Cohen participated in the control of the Partnerships' business. Even if he did, he would be liable to only a person who transacted business with the Partnerships and who reasonably believed Cohen to be a general partner. Assuming Dilick is a "person who transacted business" with the Partnerships, he could not have reasonably believed Cohen to be a general partner—as a partner himself, he knows the makeup of the Partnerships.

## C. "Equity" is not a basis for substitution

Cohen contends, and the Trustee appears to agree, it would be unfair to leave the fate of this appeal to the Dilick-controlled general partners because the general partners have no interest in reversing a judgment in favor of Dilick. The Trustee cites *In re Great Northern Energy, Inc.*, 493 S.W.3d 283 (Tex. App.—Texarkana 2016, orig. proceeding), in support of that contention.

*Great Northern Energy* involved a judgment in favor of Circle Ridge (CR) and against Great Northern Energy (GNE). *Id.* at 285–86. CR obtained a post-judgment turnover order that required GNE to turn over its assets to CR, including a counterclaim GNE was pursuing against CR in a federal lawsuit. *Id.* at 286. The court of appeals held trial court abused its discretion in including the counterclaim in the turnover order. *Id.* at 291. By requiring GNE to surrender its counterclaim against CR **to** CR—who of course would not pursue that counterclaim— the trial court denied GNE its right to fully litigate and determine the value of its counterclaim. *Id.* at 290. Further, if it could not assert the counterclaim, GNE would reportedly lose a strategic benefit in its position with respect to the other parties in

12

the federal suit. *Id.* at 292. The court of appeals suggested requiring turnover of the counterclaim violated public policy. *Id.* at 291.

*Great Northern Energy* is distinguishable from this case because GNE's standing was not in dispute. GNE was ordered to turn over assets, and it had standing to seek review of that order. By contrast, the order on appeal is not directed to Cohen. It is directed to the Trustee in his representative capacity of the Partnerships.

Cohen and the Trustee may be correct that Dilick will not cause the Partnerships to appeal the judgment against them. But that fact does not allow us to create standing where it does not exist. *State v. Naylor*, 466 S.W.3d 783, 791 (Tex. 2015).

## III.   No reason to abate

There is no reason to abate this appeal. Cohen is free to attempt to obtain any order he wants from the bankruptcy court or the federal district court while this appeal is pending. We will, however, hold Dilick's motion to dismiss for 30 days.

## IV.   Sanctions are not appropriate

Dilick asks us to sanction Cohen because Cohen's motion was "not supported by any proper legal authority" and "filed purely in an attempt to delay the payment of the attorneys' fees owed to Mr. Dilick." He asserts sanctions are appropriate under Texas Civil Practice and Remedies Code chapter 10 and Texas Rule of Appellate Procedure 45.

Dilick cites no authority that Texas Civil Practice and Remedies Code chapter 10 applies to a motion filed in the court of appeals. Nor does he cite authority that Texas Rule of Appellate Procedure 45, which permits us to award damages to the prevailing party for a frivolous appeal, authorizes sanctions for a frivolous motion filed during the pendency of an appeal.

13

In any event, this appeal is not frivolous. It was initiated by the Trustee, a party to the judgment. Neither is Cohen's motion to substitute frivolous. He cited the limited partnership derivative action statute and urged us to conclude it allows a limited partner to appeal a judgment on behalf of the limited partnership when the general partner has no incentive to prosecute such an appeal. Although we decline to make that conclusion, his request that we do so is not frivolous.

## CONCLUSION

We deny Cohen's motion to substitute and his request that we abate the appeal. We deny Dilick's motion for sanctions. We will hold Dilick's motion to dismiss for 30 days.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Brown.